[Crim. No. 811. First Appellate District. Division One.—December 6, 1918.]

## THE PEOPLE, Respondent, v. AUSTIN W. TOBIN, Appellant.

CRIMINAL LAW—INFAMOUS CRIME AGAINST NATURE—PROOF OF CORPUS DELICTI.—In a prosecution for the commission of the infamous crime against nature, where the *corpus delicti* has been established by the testimony of the accomplice, the necessary corroboration may be furnished by the confession of the defendant.

ID.—READING OF CODE SECTION TO JURY—OMISSION TO REQUEST—RE- FUSAL NOT ERRONEOUS.—On an appeal from a judgment of conviction of the infamous crime against nature, the appellant cannot maintain that the court erred in refusing to read to the jury section 1111 of the Penal Code with respect to the testimony of accomplices, where no such instruction was requested.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

John F. Glover for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was convicted of the infamous crime against nature, and appeals from the judgment of conviction and from the order denying his motion for a new trial.

The record conclusively establishes the guilt of the defendant. The verdict is based upon the frank testimony of an accomplice, but which was corroborated by the equally frank confession of the defendant, made to representatives of the San Francisco police department and the United States army; nor did the defendant, although he took the witness-stand, unequivocally and categorically deny the commission of the offense, but contented himself with stating that he and his *particeps criminis* were intoxicated at the time, and denied

knowledge of the act charged.  As to his confession, testified
to by the officers, this remained uncontradicted.

It is settled law in this state that where the *corpus delicti*
has been established by the testimony of an accomplice, the
necessary corroboration may be furnished by the confession
of the defendant.  (*People* v. *Richardson,* 161 Cal. 552, [120
Pac. 20] ; *People* v. *Josselyn,* 39 Cal. 400.)

There is no merit in the further contention of the appellant
that his confession was not free and voluntary.  Its character
in this respect was established by witnesses, and by the con-
tents of the confession itself, which was in writing.

It is also claimed in support of the appeal that the court
indulged in remarks during the course of the trial prejudicial
to the rights of the defendant; but the record on appeal does
not disclose any such, nor that the defendant during the trial
made any objection of the character now advanced, nor any
assignment of conduct prejudicial to his rights.

Finally, the contention is made by the appellant that the
court erred in refusing to read to the jury section 1111 of the
Penal Code with respect to the testimony of accomplices.  No
such instruction was requested.  The defendant asked for
certain instructions, which were given as requested, with the
exception of the final portion of one of them.  The omitted
portion was to the effect that a confession alone will not sus-
tain a conviction, and was refused by the court because the
state of the evidence before the jury rendered it inapplicable.
The court did instruct the jury that it is "established law
that extrajudicial confessions and verbal admissions should
be received with caution and viewed with distrust."

The judgment and order are affirmed.