[Crim. No. 1237. Second Appellate District, Division One.—August 10, 1925.]

## THE PEOPLE, Respondent, v. ARTHUR SNYDER, Appellant.

[1] CRIMINAL LAW—BURGLARY—LARCENY—PLEADING.—Burglary and larceny are distinct offenses; and if a man feloniously enters a house with intent to steal, he is guilty of burglary though he

1. See 4 Cal. Jur. 736; 4 R. C. L. 437.

may not accomplish the theft, but if he accomplishes the theft he is guilty of the further offense and may be charged with the two offenses separately, or jointly in different counts of the same indictment.

[2] ID.—ACCOMPLICE AS WITNESS—SECTION 1099, PENAL CODE, NOT APPLICABLE.—The sole purpose of section 1099 of the Penal Code is to permit a dismissal of a criminal action, wherein two or more defendants are jointly charged with the same crime, against any one of the said defendants in order that the defendant so discharged may be compelled to become a witness in the action, but that section has no reference to an accomplice or to a codefendant who voluntarily becomes a witness on behalf of the people.

[3] ID.—VOLUNTARY TESTIMONY OF CODEFENDANT—COMPETENCY AND WEIGHT.—Where a defendant voluntarily testifies, his evidence is admissible against his codefendant and is competent to prove any fact testified to by him, subject only to the limitations applicable to testimony given by an accomplice.

[4] ID.—TESTIMONY OF ACCOMPLICE—ADMISSIONS AND CONFESSIONS—VERDICT—CONFLICT OF EVIDENCE.—In this prosecution by information containing two counts, one charging grand larceny in the stealing of certain money and the other charging burglary in entering a certain store with intent to commit larceny of said money, the testimony of one of the defendants, having been corroborated by the admissions and confessions of another of the defendants, taken in connection with proof that the store in question had been entered and the money stolen therefrom, justified the verdict finding the latter defendant guilty of each of the offenses charged; and the fact that a third defendant testified that said defendant so found guilty was not present at the time the house was entered and the money stolen, simply produced a conflict of evidence.

[5] ID.—DEGREE OF CRIME—TIME OF COMMISSION—EVIDENCE.—In such prosecution, one of the accomplices having testified that the storeroom, which defendant with his associates was charged with burglarizing, had been entered during the night-time, and there having been admitted in evidence the confession of defendant that on the evening of a certain day he, with his associates, had gone to the town where the crime was committed and burglarized the store and then returned to another town with the merchandise, a verdict finding defendant guilty of first degree burglary was justified.

[6] ID.—VOLUNTARY CONFESSION—INSTRUCTIONS.—Where a defendant in a criminal action fails to request the court to instruct the jury that before they can consider any confession as evidence, they

2. See 7 Cal. Jur. 1003.

3. See 8 Cal. Jur. 173.

4. See 8 Cal. Jur. 312.

must believe that such confession was voluntarily made, he cannot complain on appeal of any omission to instruct the jury in this regard.

[7] ID.—POSSESSION OF STOLEN PROPERTY—FINDING DEFENDANT WITH CODEFENDANT—INSTRUCTIONS.—In this prosecution by information containing two counts, one charging grand larceny in the stealing of certain money and the other charging burglary in entering a certain store with intent to commit larceny of said money, the trial court did not commit error in refusing two instructions requested by defendant, one in reference to the possession of stolen property, and the other dealing with the fact that defendant was found in the presence of one of his codefendants.

(1) 16 C. J., p. 1280, n. 20.    (2) 16 C. J., p. 693, n. 17.    (3) 16 C. J., p. 711, n. 23.    (4) 16 C. J., p. 706, n. 49.    (5) 9 C. J., p. 1076, n. 15.    (6) 16 C. J., p. 1059, n. 42.    (7) 16 C. J., p. 1066, n. 89.

APPEAL from a judgment of the Superior Court of Los Angeles County. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CURTIS, J.—The defendant was accused by information containing two counts. By the first count he was charged with grand larceny in the stealing of the sum of $800 on December 7, 1924, belonging to Arthur H. Wilkie, and by the second count with the crime of burglary in entering the store of said Arthur H. Wilkie on the same date with the intent to commit larceny. It is conceded that the evidence shows that both crimes grew out of, and were the result of, the same transaction. In other words, that the eight hundred dollars, alleged in count one to have been stolen by defendant, was taken from the store of the complaining witness after, and on the occasion of, the entry of said storeroom by defendant with intent to commit larceny. The jury found defendant guilty of each offense by verdicts rendered separately upon each count of the information, and the court pronounced judgment upon such verdicts, the sentence to run consecutively.

[1]  It is first contended 'by appellant that the two offenses charged, being based upon one single act or transaction, constitute only one offense, and although under section 954 of the Penal Code, the two offenses might be charged in separate counts in the information, the defendant could be found guilty of and punished for but one offense. This question seems to have been definitely settled by the supreme court of this state adversely to appellant's contention. In *People* v. *Garnett,* 29 Cal. 622, 628, the court held that "Larceny is not necessarily included in burglary, like manslaughter in murder, within the sense of the statute; on the contrary, it is no part of it. The offense of burglary is complete without any larceny being committed." This case was approved in *People* v. *Curtis,* 76 Cal. 57 [17 Pac. 941], the court holding that the offense of larceny was not included in that of burglary, and that a defendant prosecuted under indictment charging him with burglary could not be found guilty of an attempt to commit larceny. In *People* v. *Devlin,* 143 Cal. 128 [76 Pac. 900], the defendant was charged with burglary. Upon the trial he sought to prove, as a bar to said charge of burglary, that he had prior thereto been convicted of the crime of larceny for stealing and carrying away certain personal property on the same occasion. The trial court sustained an objection to the introduction of this evidence and the supreme court, in sustaining this action of the trial court, said: "It is evident that one can commit burglary by entering a building with intent to commit any felony, such as rape, robbery, arson, or murder. It is also evident that the crime consists of the entry with the intent set forth in the statute. After one has entered a building with intent to commit any other felony than grand or petit larceny, he has committed burglary, but he may then find that it is impossible, for various reasons, to commit the felony which it was his intention to commit when he entered, and conclude to commit larceny by stealing some article of value in the building. He thus, in rapid succession, commits two crimes. Indeed, after he has committed burglary he might under favorable circumstances commit any felony named in the statute. He might commit rape, and in such case he would be guilty of burglary and also of rape. Therefore, we conclude that the evidence did not show, nor

tend to show, that defendant had been before in jeopardy
for burglary." This case was cited with approval in *People*
v. *Kerrick*, 144 Cal. 46 [77 Pac. 711]. The weight of au-
thority in other jurisdictions agrees with the above cases
decided by our supreme court. "Burglary and larceny are
distinct offenses and a conviction of one is not a bar to a
prosecution for the other." (*State* v. *Martin*, 76 Mo. 337.)
"If a man feloniously enters a house with intent to steal, he
is guilty of burglary though he may not accomplish the
theft. If he accomplishes the theft he is guilty of the fur-
ther offense and may, by statute, be indicted and punished
for both burglary and larceny, and he may be charged with
the two offenses separately, or jointly in different counts of
the same indictment." (*Dodd* v. *State*, 33 Ark. 517.) For
further authorities upon this same subject, see note found
in 31 L. R. A. (N. S.) 727. There are jurisdictions in
which a contrary doctrine is held, but we are satisfied that
the great weight of authority is with the rule enunciated by
our own courts.

[2] The claim of appellant that the court improperly
admitted the evidence of Charles Saxton, who was charged
jointly with appellant, and against whom said charge was
then pending, cannot be sustained. Appellant contends that
an accomplice charged jointly with the defendant cannot
be a witness against said defendant until he has been dis-
charged, and cites section 1099 of the Penal Code in sup-
port of this contention. Appellant has apparently misap-
prehended the meaning and purpose of this section of the
code. Its sole purpose is to permit a dismissal of a criminal
action, wherein two or more defendants are jointly charged
with the same crime, against any one of the said defendants
in order that the defendant so discharged may be compelled
to become a witness in the action. This purpose is made
clear by section 1101, which declares that the dismissal so
made "is an acquittal of the defendant discharged." Sec-
tion 1099 has no reference to an accomplice or to a code-
fendant who voluntarily becomes a witness on behalf of the
people. In the present action there is no intimation that
the accomplice Saxton, who testified in behalf of the prosecu-
tion, made any objection to becoming a witness in the case.
[3] Having voluntarily testified, his evidence was admis-

sible against the appellant and competent to prove any fact
testified to by him, subject only to the limitations applicable
to testimony given by an accomplice. Our attention has
been directed by appellant's brief, in support of this last
contention, to a number of authorities holding that declara-
tions or confessions of an accomplice made after the comple-
tion of the offense are not admissible against the other per-
sons charged with said offense jointly with said accomplice.
The cases cited by appellant correctly state the law upon
the subject therein under discussion, but they have no appli-
cation to the question under consideration in this action.
No declaration or confession of an accomplice was admitted
in evidence in this case, but on the other hand, the evidence
of one who was undoubtedly an accomplice was given at
the trial against the defendant. This evidence, as we have
already stated, was unquestionably admissible against the
appellant. It was in no sense a declaration or confession
of the party giving it, as these terms are understood in law.
[4] This testimony of the accomplice, having been corrobo-
rated by the admissions and confessions of the appellant,
taken in connection with proof that the storeroom had been
entered and the money stolen therefrom, justified the verdict
and was sufficient to sustain the judgment. It is true that
another accomplice, named McLaughlin, testified that appel-
lant was not present at the time the house was entered and
the money stolen, but this statement on his part simply pro-
duced a conflict between his evidence and that of the witness
Saxton, and the jury apparently accepted the statement of
the latter, who testified to appellant's direct participation
in the crime.

[5] Appellant questions the sufficiency of the evidence to
justify the verdict finding him guilty of burglary in the
first degree. The accomplice Saxton testified that the store-
room, which the defendant with his associates was charged
with burglarizing, had been entered during the night-time.
There was also admitted in evidence the confession of the
appellant that on the evening of November 6th, he, with his
codefendants, had gone to Newhall and burglarized the store
and returned to Los Angeles with the merchandise. It has
repeatedly been held that the testimony of an accomplice
is sufficient to prove the *corpus delicti,* and when corrobo-

rated by the admission or confession of the defendant, warrants a verdict of conviction. (*People* v. *Richardson,* 161 Cal. 552, 563 [120 Pac. 20] ; *People* v. *Leavens,* 12 Cal. App. 178, 184 [106 Pac. 1103] ; *People* v. *Barnnovich,* 16 Cal. App. 427, 430 [117 Pac. 572] ; *People* v. *Tobin,* 39 Cal. App. 76 [179 Pac. 443].) [6] Regarding the confession of appellant, he complains that the court failed to instruct the jury that before they could consider any confession as evidence, they must believe that such confession was voluntarily made. No request for any such instruction was made by appellant. He therefore cannot complain of any omission to instruct the jury in this regard.

[7] We discover no error in the rulings of the court in refusing to give two instructions requested by appellant. One in reference to the possession of stolen property, and the other dealing with the fact that appellant was found in the presence of one of his codefendants.

Judgment and order denying motion for a new trial are affirmed.

Conrey, P. J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 8, 1925.

All the Justices concurred.