[Crim. No. 1248.  First Appellate District, Division Two.—November 18, 1925.]

THE PEOPLE, Respondent, v. P. V. KNOWLES, Appellant.

[1] CRIMINAL LAW—SEX PERVERSION—CORROBORATION OF ACCOMPLICE. In this prosecution for a violation of section 288a of the Penal Code, the testimony of the complaining witness detailing the story of the crime having been complete and having left no room for uncertainty, and it having been corroborated in every detail except as to the actual commission of the act itself, that is all that was required by section 1111 of the Penal Code.

[2] ID.—PREPARATION FOR CRIME—INDECENT PICTURES—EVIDENCE.—In such prosecution, the trial court did not err in admitting in evidence certain indecent and suggestive pictures found in defendant's possession and which he had displayed to the complaining witness and another boy just preceding the commission of the crime, where such pictures were so closely connected with the preparations for the commission of the crime that they became a part of the offense itself.

(1) 36 Cyc., p. 505, n. 43.    (2) 16 C. J., p. 545, n. 87, p. 575, n. 61; 36 Cyc., p. 505, n. 38, 41.

APPEAL from a judgment of the Superior Court of Alameda County.  Lincoln S. Church, Judge.  Affirmed.

1.  See 8 Cal. Jur. 179.

The facts are stated in the opinion of the court.

Ashley H. Conrad, Louis Oneal, J. P. Lacey and Milton D'Askquith, for Appellant.

U. S. Webb, Attorney-General, and L. B. Browne for Respondent.

NOURSE, J.—The defendant was tried and convicted on an information charging him with a violation of section 288a of the Penal Code, which defines the crime commonly known as sex perversion. From the judgment of conviction and the order denying his motion for a new trial the defendant has appealed on a record prepared under section 953a of the Code of Civil Procedure.

The defendant was a teacher in the public schools of Alameda County. The complaining witness was a high school student of the age of sixteen years. This boy, accompanied by a fellow-student of the same age, went to the defendant's apartment some time in the month of August, 1924. They were there entertained by the defendant, who showed them indecent and suggestive pictures and instruments used to prevent conception. The defendant explained the use of these instruments, and then urged the two boys to commit the act defined in the code section cited. One of the boys refused and went to another room where he played a piano while the defendant and the complaining witness undressed and remained together for a period of half an hour.

[1] The chief attack on the judgment is that the evidence is insufficient because the testimony of the complaining witness, he being an accomplice, was not corroborated as required by section 1111 of the Penal Code. The testimony of the complaining witness detailing the story of the crime is complete and leaves no room for uncertainty. It is corroborated in every detail except as to the actual commission of the act itself. This is all that is required under the code section. (*People* v. *Yeager*, 194 Cal. 452, 473 [229 Pac. 40].)

[2] Appellant suggests that the trial court erred in admitting in evidence the pictures which were found in appellant's possession and which he had displayed to the

boys just preceding the commission of the crime. These pictures were so closely connected with the preparations for the commission of the crime that they became a part of the offense itself and were properly received in evidence.

Though we have not recited the evidence at length, we have read the record with care and are satisfied that the appellant was fairly tried and convicted. He did not take the witness-stand in his own defense, but rested on the testimony of his associates as to his previous good reputation. On the evidence which was before it the jury could not have justly returned a different verdict.

Judgment and order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.