[Crim. No. 1301.   Second Appellate District, Division One.—April 15, 1926.]

## THE PEOPLE, Respondent, v. NEWTON R. CASE, Appellant.

[1] CRIMINAL LAW — ROBBERY — FORCE AND FEAR — EVIDENCE.—In a prosecution for robbery, evidence showing that at about midnight on the date charged in the information a number of persons, including the one from whom it was alleged defendants took certain described personal property, were assembled in a room at the home of one of them; that in response to a ring of the doorbell the latter unlocked the door, but did not open it, and that immediately the three defendants, two of whom were armed with revolvers, rushed into the room and proceeded to rob the persons present, including the one described in the information, is sufficient to show a robbery committed by means of force and fear.

[2] ID.—ROBBERY OF FIRST DEGREE—CHARACTER OF WEAPON—LOADED REVOLVER—EVIDENCE—VERDICT.—In such prosecution, there being both direct and circumstantial evidence that the revolvers used by defendants were loaded, the verdict finding defendants guilty of robbery in the first degree under section 211a of the Penal Code is sufficiently supported.

[3] ID.—BURGLARY AND ROBBERY GROWING OUT OF SAME TRANSACTION —DISTINCT OFFENSES—ONCE IN JEOPARDY—CONSTITUTIONAL LAW. Separate convictions for robbery and burglary, which were parts of a single continuing transaction, do not violate the constitutional rule that no person shall be twice put in jeopardy for the same offense, where the defendants entered a house with intent to commit robbery and after entry was completed did commit robbery.

[4] ID.—JOINT OPERATION OF ACT AND INTENT—THREATS—MENACE— EVIDENCE—VERDICT.—In this prosecution of three defendants upon an information in two counts charging them, respectively, with the crimes of robbery and burglary, the evidence was sufficient to sustain the verdict of conviction as against the contention of one of the defendants that there was no joint operation of act and intent on his part and that when the crime was committed "he was under threats and menaces sufficient to show that he had reasonable cause to and did believe his life was endangered if he refused."

(1) 34 Cyc., p. 1808, n. 78, p. 1810, n. 84. (2) 34 Cyc., p. 1808, n. 78. (3) 16 C. J., p. 272, n. 21, 22, p. 273, n. 24, 25, 31. (4) 16 C. J., p. 775, n. 62.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Sidney N. Reeve, Judge. Affirmed.

The facts are stated in the opinion of the court.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, John W. Maltman, Deputy Attorney-General, and James S. Howie for Respondent.

CONREY, P. J.—Appellant Case and Frank Brown and William F. Nelson were by information charged with the crime of robbery whereby they did by means of force and fear, etc., take from one A. Sanchez certain described per-

2. See 22 Cal. Jur. 839.
3. See 7 Cal. Jur. 957.

sonal property. By a second count of the information it was charged that the same defendants, on the same date, committed the crime of burglary, in that at said time they did wilfully, unlawfully, etc., enter the dwelling-house of one J. Y. Logan with the intent then and there to commit the crime of larceny. Appellant, tried separately, was convicted on both counts.

[1] At about midnight of March 29, 1925, a number of persons, including Mr. Sanchez, were assembled in a room at the home of Mr. Logan in the city of Los Angeles. In response to a ring of the doorbell, Mr. Logan unlocked the door, but did not open it. Immediately three men "rushed right in" and proceeded to rob the persons present, including Sanchez. The intruders were the defendants Brown, Nelson, and Case. Each of the defendants Brown and Nelson was armed with a "gun." The evidence is amply sufficient to show a robbery committed by a means of force and fear, in the well-known manner of such transactions. Appellant Case was the one who "went through the pockets of the gentlemen that were lined up against the wall," taking their money and some other personal property.

[2] Appellant contends that the accused were not armed with any dangerous or deadly weapon, and that therefore the evidence does not sustain the verdict of guilty of robbery in the first degree. (Pen. Code, sec. 211a.) More specifically, the point is that there was no evidence that the revolvers used by these men were loaded. There is both direct and circumstantial evidence that the guns were loaded.

[3] Appellant contends that because the burglary and robbery (though they might be two distinct offenses when standing alone) were parts of a single continuing transaction, they became merged into one and are punishable only as one offense; that to allow conviction and sentence on both charges would be a violation of the principle stated in the constitutional rule that no person shall be twice put in jeopardy for the same offense. This question was recently considered by this court in *People* v. *Snyder*, 74 Cal. App. 138 [239 Pac. 705]. In that case the defendant, accused of both burglary and larceny, entered a house with intent to commit larceny, and after the entry was completed he committed the larceny. For the reasons therein stated and

after careful review of the authorities, we sustained the conviction on both counts. The supreme court denied a rehearing. The reasoning of that decision fully applies to the present action.

[4] Appellant contends that the evidence is insufficient to sustain the verdict in this, that the evidence is not sufficient to establish a joint operation of act and intent on the part of appellant, and particularly that the evidence shows that when the crime was committed "he was under threats and menaces sufficient to show that he had reasonable cause to and did believe his life was endangered if he refused." The testimony of appellant, which was to some extent corroborated by the testimony of defendant Brown, was to the effect that appellant, together with Brown and Nelson, came to the Logan house in an automobile; that until they had arrived at the door appellant believed that they were going to this place for the purpose of playing a game of poker: that Brown and Nelson had concealed from appellant the real purpose which they then had in view; that Nelson entered the house first, Case second, and Brown third; that Brown ordered appellant to enter and enforced his order by the use of a gun pressed against the body of appellant; that appellant in taking the money and jewelry acted under Brown's and Nelson's orders to "shake them down"; that throughout the transaction appellant acted solely under the influence of force and fear of said other defendants. But there is other evidence inconsistent with the testimony above indicated. Mr. Logan testified that when the defendants entered the room the two men with guns came in first and appellant came last. From this testimony alone, together with the evidence showing appellant's further participation in the transaction, the jury was justified in believing that appellant was not forced into the room by Brown following him "with a gun in his ribs," but that, on the contrary, appellant was a voluntary actor in the transaction.

In addition to the foregoing points, counsel for appellant contends that the court committed sundry errors in its rulings on objections to offered evidence, and in the instructions to the jury, and in refusal of requested instructions; and that the district attorney was guilty of misconduct, with resulting prejudice to appellant. These matters have been examined and considered, in their bearing upon the merits

of the appeal. If there be any error it has not, in our opinion, resulted in an unfair trial of the case, or any miscarriage of justice.

The judgment and order are affirmed.

Houser, J., and York, J., concurred.