[Crim. No. 1397. Second Appellate District, Division Two.—February 10, 1927.]

THE PEOPLE, Respondent, v. B. R. FRASER, Appellant.

[1] CRIMINAL LAW—OBTAINING MONEY BY FALSE PRETENSES—PLEADING—EVIDENCE.—In a prosecution for obtaining money by false pretenses, it is unnecessary to prove all the false representations alleged, provided enough be proven to convince the jury that those shown were material in inducing the complaining witness to part with his money; and in this prosecution, the appellate court was satisfied that the evidence was sufficient to support the verdict of guilty reached by the jury on each of the two counts of the information.

[2] ID.—PLEADING — EVIDENCE — VARIANCE — FAILURE TO PRESENT TO TRIAL COURT—APPEAL.—In such prosecution, conceding that it was averred in each count of the information that the complaining witness was induced by the representations of defendant to invest money in a certain business conducted by him, and that the money was agreed to be returned if the complaining witness became dissatisfied with the business, and the evidence showed only that the complaining witness loaned money to defendant for the pur-

poses of his business, where the question of variance was not presented to the trial court, it could not be presented for the first time on appeal.

(1) 25 **C. J.**, p. 640, n. 53, p. 650, n. 42.   (2) 17 **C. J.**, p. 55, n. 99.

APPEAL from a judgment of the Superior Court of Los Angeles County. Elliot Craig, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stanley Visel, L. V. Beaulieu, Henry E. Carter and Albert E. Sherman for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

WORKS, P. J.—Defendant was convicted of the crime of obtaining money by false pretenses under two counts. He appeals from the judgment of conviction.

[1] It is contended that the evidence was insufficient to support the verdict. Having in mind the rule that it is unnecessary to prove all of the false representations alleged in a charge of obtaining money by false pretenses, provided that enough be proven to convince the jury that those shown were material in inducing the complaining witness to part with his money (*People* v. *Griesheimer,* 176 Cal. 44 [167 Pac. 521]), we are satisfied that the evidence was sufficient to support the conclusion reached by the jury on each count. Some of the alleged false representations were not proved, it is true, but the evidence as to others was so complete that we find it unnecessary to consume the time necessary to state the showing actually made.

[2] It is insisted by appellant that there was a variance between the allegations of the information and the evidence. In each count it was averred that the complaining witness was induced by the misrepresentations of appellant to invest money in a certain business conducted by him, and that the money was agreed to be returned if he became dissatisfied with the business. It is said that the evidence shows only that the complaining witness loaned money to appellant for the purposes of his business. If we admit for the sake of argument only that this is the showing made by the

record, we are not required to decide whether the variance was a material one. The question of variance was not presented to the trial court and it cannot be presented for the first time on appeal (*People* v. *Fuski,* 49 Cal. App. 4 [192 Pac. 552]; *People* v. *Gonzales,* 69 Cal. App. 609 [231 Pac. 1014]).

Other points are made by appellant, but they are so plainly without merit, from the mere statement of them, that we find it unnecessary to discuss them.

Judgment affirmed.

Craig, J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 11, 1927.