[Crim. No. 1527.  First Appellate District, Division One.—May 22, 1929.]

THE  PEOPLE,  Respondent,  v.  ROBERT  E.  PERRY, Appellant.

H. S. Whitthorne for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Appellant was accused by indictment of violating the provisions of chapter 339 of the Statutes of 1923 (Stats. 1923, p. 695), it being charged that, having been previously convicted of and served a term in the state prison for the crime of grand larceny, he did, on March 3, 1928, in the city and county of San Francisco, feloniously possess and carry concealed upon his person a loaded revolver. Upon trial he was found guilty by a jury, and this appeal is taken from the judgment of conviction and the order denying his motion for a new trial. The grounds urged for reversal relate to the trial court's rulings upon matters connected with appellant's pleas of former acquittal and once in jeopardy.

The record discloses the following facts: Between 7:30 and 8 o'clock on the night of March 3, 1928, appellant and a companion named Risbin, both armed with pistols, entered an apartment on upper Market Street, San Francisco, occupied by a man named Brenner, and, after robbing Brenner, fled. An alarm was given and two motor officers took up the pursuit and within a few minutes captured the robbers in the basement of a building several blocks distant from the scene of the robbery. Appellant was immediately searched

and the loaded pistol used by him in perpetrating the robbery was found concealed upon his person, and when questioned he admitted having served a term in the penitentiary for grand larceny. He was first charged by information with robbery and with prior conviction of grand larceny. When arraigned on that information he denied the prior conviction and entered pleas of not guilty and not guilty by reason of insanity to the charge of robbery. He was tried first upon the general issue and found guilty of robbery in the first degree, and the jury found also that the alleged prior conviction was true. He was then tried before the same jury upon the issue of insanity, and the verdict was that he "was insane at the precise time the offense was committed on March 3, 1928, as alleged in the information." Thereupon the trial court ordered that he be sent to the detention hospital for observation by the board of insanity commissioners. About a week later said board returned its findings, declaring him to be sane. The trial court then made an order pursuant to the provisions of section 1026 of the Penal Code (as added by Stats. 1927, p. 1149, sec. 4), to the effect that, having observed the defendant in court during the two trials and having heard the testimony given thereat, "and never at any time having any doubt as to the sanity of the defendant," and having been advised by the board of insanity commissioners that appellant was then sane, it was ordered that he be remanded to the custody of the sheriff "until his sanity shall have been finally determined in the manner prescribed by law." About a week later, however, and so far as the record shows, before the proceeding last mentioned was terminated, the indictment in the present case was returned. To this indictment appellant interposed four pleas: not guilty, not guilty by reason of insanity, former acquittal and once in jeopardy. At the trial he made no attempt to controvert the evidence introduced by the prosecution establishing the truth of the charge set forth in the indictment, but introduced in evidence the record of the robbery trial, including the proceedings of the trial on the issue of his sanity, and at the close of the evidence presented a motion for an instructed verdict upon the issues of former acquittal and once in jeopardy. The motion was denied, and as to those issues the jury was in effect instructed to find for the people. Such verdicts

were returned, together with one finding appellant guilty as charged. A motion for a new trial was then made by appellant and by the court denied, following which appellant withdrew his plea of not guilty by reason of insanity and was sentenced to imprisonment in the state prison.

■ We are of the opinion that the rulings of the trial court relating to the pleas of former acquittal and once in jeopardy of which appellant complains were not erroneous. The crime charged in the indictment was, as appellant concedes, entirely separate and distinct from the crime of robbery for which he was first tried, and that being so he was subject to separate indictment, conviction and punishment therefor, irrespective of the result of the robbery case, and notwithstanding that both crimes may have grown out of the same continuous transaction and been committed at the same time (*People* v. *Snyder*, 74 Cal. App. 138 [239 Pac. 705]; *People* v. *McKee*, 80 Cal. App. 200 [251 Pac. 675]; *People* v. *Case*, 77 Cal. App. 477 [246 Pac. 1083]); consequently it was incumbent upon appellant to urge in this case all available defenses to the charge and also to bring forward any and all excuses he may have had to offer why the penalty of the law should not be imposed upon him for the commission of the acts constituting the crime here charged, if it was found that he committed such acts; otherwise he is deemed to have waived such defenses and excuses. ■
As already stated, among the numerous pleas interposed by appellant to the present charge were those of not guilty and not guilty by reason of insanity, the effect of which was to deny having committed the acts charged and to assert that if he did commit the same he was insane at that time. The present criminal procedure requires that where such pleas are entered the accused must be tried first under the general issue of not guilty, during which trial he is conclusively presumed to have been sane at the time the offense is alleged to have been committed (Pen. Code, secs. 1016, 1026), all evidence relating to the question of sanity of the accused being excluded (*People* v. *Troche*, 206 Cal. 35 [273 Pac. 767]), and at the conclusion of such trial he shall be tried upon the issue of insanity; or if he enters a plea of not guilty and fails to urge the plea of not guilty by reason of insanity, he is likewise conclusively presumed to have been sane at the time the crime is alleged to have been committed

(Pen. Code, sec. 1016). Accordingly, in the case at bar, during the trial under the general issue appellant was conclusively presumed to be sane, and any evidence bearing upon the question of his sanity was not relevant to that issue. That trial having resulted in a verdict of guilty, appellant was then entitled under his plea of not guilty by reason of insanity to a trial upon that issue and to introduce any legal evidence tending to establish such plea; but, as stated, at the conclusion of the trial on the general issue he withdrew his plea of not guilty by reason of insanity, thereby eliminating from the case all question as to his sanity, so far as the crime charged in the present case is concerned. In other words, having withdrawn the plea which raised the issue of his sanity as to the present charge, he was conclusively presumed to be sane, and the trial court was justified in pronouncing judgment accordingly.

Appellant's argument in support of his pleas of former acquittal and once in jeopardy is based mainly upon the theory that the verdict in the robbery case finding him to be insane at the time of the commission of that crime operated as an acquittal of that charge, and that, since it was not shown that he had the loaded revolver upon his person at any time other than during the commission of the robbery and the few minutes following, said verdict operated also as an acquittal of any other offense he may have committed at the same time. The contention is without merit for the reason that under the present law a verdict declaring an accused to be insane at the time of the commission of the acts constituting the crime does not operate as an acquittal of the charge. As said in *People* v. *Troche, supra,* it serves only as a reason why the penalty of the law prescribed as the punishment for the commission of the acts constituting the crime should not be visited upon the accused. In the present situation, therefore, the effect of the verdict of insanity in the robbery case was to declare merely that at the time the robbery was committed appellant was mentally deranged to the extent of being incapable of distinguishing between right and wrong in relation to the acts constituting that particular crime, and consequently should not be punished therefor (*People* v. *Troche, supra;* 7 Cal. Jur. 862); but it was in no way decisive of the question of appellant's sanity at the time he committed another

and distinct crime, even though it was committed at the same time.

Nor are we able to agree to the further contention made by appellant that the trial court was without power to proceed with the trial of the present case until there was a final determination of the proceeding instituted in the robbery case as to appellant's present sanity. Section 1368 of the Penal Code provides that if "at any time during the pendency of an action up to and including the time when the defendant is brought up for judgment of conviction a doubt arises as to the sanity of the defendant" the court may suspend the trial or the pronouncement of judgment until the question of his then sanity is determined by a jury in the manner provided by chapter VI, title 10, part 2, of the Penal Code. The foregoing provisions were at all times available to appellant, but the record discloses that neither at the commencement of the trial of the present action nor at any time during its progress up to the time of pronouncement of judgment did appellant make any claim that he was then insane. On the contrary, it appears that when the order was made at the conclusion of the robbery case remanding the appellant to the custody of the sheriff until his present sanity could be determined, appellant claimed that he was then sane, and demanded immediate release without going through the formality of the hearing provided for by said section 1026. Therefore, when the present action came on for trial before another department of said court and appellant made no suggestion that he was then insane, the trial court was justified in proceeding with the trial.

After a review of the entire record, we are unable to find wherein appellant has been deprived of any substantial legal right. The judgment and order appealed from are therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.