[Crim. No. 1946. Second Appellate District, Division One.—September 13, 1930.]

THE PEOPLE, Respondent, v. PETE MARZEC, Appellant.

Pete Marzec, *in pro. per.,* for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HOLLZER, J., *pro tem.*—Defendant appeals from a judgment of conviction on two counts of robbery and two counts of burglary.

Three points are assigned as the grounds upon which a reversal is sought.

The first of these is the contention that the evidence is insufficient to sustain the verdict. Instead of aiding this court with a synopsis of the evidence or even an analysis of the testimony introduced against him, the defendant contents himself with the most meager references to scattered portions of the evidence, and concludes his argument in

this language: "The evidence connecting the defendant with the alleged offense was purely circumstantial. We will not attempt to set forth this evidence in full nor will we make a *résumé* of it in this brief, but in support of our contention we will submit the Reporter's Transcript on Appeal and by this reference make this Transcript a part of this brief in its entirety."

The reporter's transcript of the proceedings had at the trial covers approximately 429 pages. In the face of a record of this size, an omnibus charge to the effect that the evidence is insufficient to sustain the verdict does not constitute a proper or sufficient presentation of a ground for reversal. Indeed, the skeleton argument advanced in support of this point warrants the conclusion that the same is frivolous and without merit.

It is next urged that the court erred in receiving and rejecting evidence to the prejudice of the defendant.

The entire argument in support of this contention is expressed in two sentences reading as follows:

"In the matter of the reception and the refusal to accept evidence the harmful character of the admission and rejections cannot be shown by a single reference but from the entire attitude of the reception and rejection of same during the entire trial. We will not attempt to set them out herein for we believe that upon a reading of the Reporter's Transcript the evidence will reveal that the prejudicial error sustained by this appellant was exceedingly harmful and that as a result thereof this appellant is entitled as a matter of right to a new trial."

Here again no specific ruling of the trial court claimed to have been erroneous is pointed out, much less is any showing made wherein any alleged ruling is claimed to have been prejudicial. In the absence of any such specification or showing we must hold that this contention is without merit.

The remaining ground upon which a reversal is sought is the contention that there was a multiplicity of counts to find the defendant guilty of burglary and robbery in one and the same transaction.

The defendant was convicted of the crime of burglary because of his felonious breaking into the banking premises of the Hellman Commercial Trust & Savings Bank at

Twenty-fourth and Hoover Streets, in the city of Los Angeles, and of the further crime of shortly thereafter robbing the said bank by forcefully taking its funds from its employees. The defendant was also convicted of the crime of burglary because of his felonious breaking into the banking premises of the Merchants' National Trust & Savings Bank at Twenty-fifth Street and Central Avenue, in the city of Los Angeles, and of the further crime of shortly thereafter robbing said bank by forcefully taking its funds from its employees.

That one may be guilty of the crime of burglary and also of the further crime of theft occurring in the same premises shortly thereafter has long been the law in this state. For a complete discussion of this proposition, see the case of *People* v. *Snyder*, 74 Cal. App. 138, 141 [239 Pac. 705], cited with approval in *People* v. *De Hoog*, 100 Cal. App. 235 [279 Pac. 1067].

For the foregoing reasons the judgment is affirmed.

Conrey, P. J., and York, J., concurred.