[Crim. No. 1823.   First Appellate District, Division Two.—November 8, 1934.]

THE PEOPLE, Respondent, v. EDWARD NICHOLS, Appellant.

Victor Wells for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—The defendant was charged in two separate informations, the first alleging a violation of section 288 of the Penal Code and a violation of section 288a of the Penal Code and the second alleging a violation of section 286 of the Penal Code. The cases were consolidated and tried before one jury which found the defendant guilty of all of the charges. From the final judgments of conviction and the order denying his motion for a new trial, defendant appeals.

The complaining witness was a boy of the age of 13 years. His testimony showed that he first met the defendant while occupying a seat next to defendant in a motion picture theater on Market Street in San Francisco; that defendant struck up a conversation with him and while discussing the possibility of getting him a job, defendant placed his overcoat across the boy's lap, and committed a violation of section 288 of the Penal Code; that after the show, defendant took him for an automobile ride to San Jose, where defendant took him to an eating place and thereafter to another motion picture show in San Jose, where he again committed a similar violation of said section 288; that on the return trip to San Francisco, defendant stopped his car under some trees and there committed a violation of section 288a of the Penal Code; that about a week later, defendant drove to a point near the boy's home, picked the boy up and took him to defendant's home, where he committed a violation of said section 288 on a couch in the front room and also committed a violation of said section 288a on the bed in the bedroom; that about a week later defendant again met the boy, took him to defendant's home, and there, upon a bed, committed a violation of section 286 of the Penal Code.

The boy was subsequently picked up by the police at about 2:30 in the morning and finally related his story in detail concerning said offenses. He was given a medical examination and it was found that sodomy had been practiced upon him. When the police went to defendant's home, defendant admitted that he knew the boy, that he had taken him out and that he had given him money. Defendant further stated to the police that he knew the boy's father very well, that he was an old friend of the family and had worked with the boy's father on some C. W. A. project. Upon the

trial, the father testified that he had never seen the defendant before seeing him in the courtroom and he denied working with him at any time. Although the defendant took the witness stand, we find no denial of this testimony of the father. In fact, the defendant substantially corroborated all of the boy's story as given to the police and as given on the witness stand except that he denied the criminal acts. By way of impeachment of defendant's testimony, it was shown that he had been previously convicted of a felony. It may also be stated that defendant admitted giving the boy presents on said occasions consisting of money, a mechanical drafting set and a baseball.

Appellant first contends that the trial court erred in sustaining an objection to a question asked of the complaining witness on cross-examination by which appellant sought to show that the boy "had knowledge of the wrongfulness of the acts which he testified were committed". It is appellant's theory that the ruling was prejudicial as he was seeking to show that the boy, although under 14 years of age, was capable of committing crime (sec. 26, Pen. Code), and was therefore an accomplice. While it is clear that the boy could not be an accomplice in a violation of said section 288 committed upon himself (*People* v. *Troutman,* 187 Cal. 313 [201 Pac. 928]; *People* v. *Hulbart,* 55 Cal. App. 112 [202 Pac. 939]), it is not so certain that he could not be an accomplice in a violation of said section 288a or a violation of said section 286 so committed. (See *People* v. *Johnson,* 115 Cal. App. 704 [2 Pac. (2d) 216], and *People* v. *McCollum,* 214 Cal. 601 [7 Pac. (2d) 301].) We do not deem it necessary, however, to discuss this question, as we believe that any alleged error in the exclusion of said testimony was not prejudicial as the testimony of the boy was sufficiently corroborated. The admitted actions of the appellant with a boy previously unknown to him, together with his false statements to the officers, could not be reasonably construed as the acts of an innocent man and in our opinion this evidence was sufficient to "tend to connect the defendant" with the commission of the offenses. (Sec. 1111, Pen. Code; 8 Cal. Jur., pp. 178–181, secs. 256 and 257.)

Appellant further contends that the trial court erred in sustaining the prosecution's objection to evidence regard-

ing the whereabouts of the boy after he made his statements to the police, "which testimony would have tended to establish the dishonesty and untruthfulness" of the boy. The specific question to which the objection was sustained was "Where did you live, Irving, after the preliminary hearing and before the first trial of this case?" We find no error in the ruling sustaining the objection. It is apparently appellant's theory that he was entitled to show that the boy had stolen some money and left his home during that time and that the boy's testimony could be impeached by such showing. It is a sufficient answer to point out that the boy's testimony could not be impeached merely by showing other wrongful acts. (Code Civ. Proc., sec. 2051.)

▮▮ Appellant also charges misconduct on the part of the district attorney in his argument to the jury. This charge is based on the following statement of the district attorney: "And, of course, right away he went to the transcript of the testimony of the last trial. And there is another thing; you have no right to say, 'Well, the jury did not return a verdict in the last trial, therefore we won't, or 'Therefore he must be not guilty.' Just because some juror or jurors in that case made a mistake, is no sign that you should make a mistake." It appears from the transcript that numerous references were made to the former trial of the case, but we find no evidence regarding the result of such former trial. The foregoing statement of the district attorney was therefore improper, but we do not believe that the making of said statement constituted prejudicial misconduct requiring a reversal.

The judgments and order denying the motion for a new trial are and each of them is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.