[Crim. No. 2753. Second Appellate District, Division Two.—September 3, 1935.]

THE PEOPLE, Respondent, v. ERSIE BRILEY, Appellant.

Irons & Greene and Sidney Sampson for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

FRICKE, J., *pro tem.*—Appeal from the judgment and order denying a motion for a new trial.

Appellant was charged and convicted of having committed upon his two daughters, aged seventeen and nineteen years, the offense described in section 288a of the Penal Code.

Appellant contends that his conviction rests solely upon the testimony of the two daughters, who under the evidence were obviously accomplices, without the corroboration required by section 1111 of the Penal Code. The testimony of each of the daughters was that, in addition to the specific act constituting a violation of section 288a, the defendant had committed lewd and lustful acts upon various portions of the persons of each of his daughters, evidencing an abnormal sexual tendency toward them, particularly so since he was their father. The corroboration relied upon by the prosecution consists of a voluntary statement of the defendant, made in the sheriff's office, in which he conceded undue familiarity with his daughters and admitted all of the acts of which they accused him with the single exception of the specific act forming the gist of the offense prescribed by section 288a, which he denied. The defendant neither took the witness stand nor offered any evidence in his defense.

■ The corroboration of an accomplice required by section 1111 need not be such as tends to establish the commission of the offense or to corroborate the precise facts testified to by the accomplice. (*People* v. *Kempley,* 205 Cal. 441 [271 Pac. 478] ; *People* v. *Tanner,* 3 Cal. (2d) 279 [44 Pac. (2d) 324] ; *People* v. *Nichols,* 2 Cal. App. (2d) 99 [37 Pac. (2d) 710] ; *People* v. *Conklin,* 122 Cal. App. 83 [10 Pac. (2d) 98] ; *People* v. *Barr,* 134 Cal. App. 383 [25 Pac. (2d) 503] ; *People* v. *Knowles,* 75 Cal. App. 229 [242 Pac. 508] ; *People* v. *Casey,* 79 Cal. App. 295 [249 Pac. 525].) All that the law requires is that, in addition to the testimony of the accomplice, there be some evidence which, though slight, tends to connect the defendant with the commission of the offense. ■ The testimony of the accomplice standing alone is sufficient to establish the commission of the crime charged (*People* v. *Richardson,* 161 Cal. 552, 563 [120 Pac. 20] ; *People* v. *Snyder,* 74 Cal. App. 138 [239 Pac. 705]), and the extrajudicial declarations of the defendant are sufficient corroboration to sustain a conviction where the effect of such declarations is to tend to connect him with the commission of the crime charged. (*People* v. *Richardson,* 161 Cal. 552, 563 [120 Pac. 20] ; *People* v. *Tobin,* 39 Cal. App. 76 [179 Pac. 443] ; *People* v. *Groenig,* 57 Cal. App. 495 [207 Pac. 502] ; *People* v. *Fraser,* 81 Cal. App. 281 [253 Pac. 340] ; *People* v. *Bonilla,* 124 Cal. App. 212 [12 Pac. (2d) 64].) ■ The defendant's own statements, while not amounting to a confession, were clearly such that they tended to connect the defendant with the offenses charged and this is all the corroboration which the law requires.

■ Appellant claims error because of the giving of an instruction that the statement of the defendant, if the jury believed that the defendant had made the statement testified to, was sufficient corroboration of the testimony of the accomplices. This was a correct statement of a rule of law as applied to testimony which was not contradicted. ■ Error is also claimed because of the refusal of an instruction requested by the defense. That portion of the instruction that "charges of the nature involved in this case can easily be made and are difficult to prove" is not a statement of any rule of law and as a statement of a fact it had little application here for the defendant did not take the witness stand ■

The matter of commenting upon the facts is one which lies within the discretion of the trial court which may, but is not required by law, to comment upon the facts. The remainder of the refused instruction was fully covered in the instructions given.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.