[Crim. No. 4467. Second Dist., Div. Three. Oct. 2, 1950.]

THE PEOPLE, Respondent, v. TOMMY BARNEY ESTES, Appellant.

Gladys Towles Root for Appellant.

Fred N. Howser, Attorney General, and Dan Kaufmann, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of an attempt to commit the offense denounced by section 288a of the Penal Code. He appeals from the judgment.

The male person who participated in the alleged attempt with the defendant was the principal witness for the prosecution. It appears to be conceded that this witness was an accomplice. (See *People* v. *McCollum*, 214 Cal. 601, 602 [7 P.2d 301]; *People* v. *McRae*, 31 Cal.2d 184, 185 [187 P.2d 741].) Defendant's claim is that the testimony of the accom-

plice was not corroborated as required by section 1111 of the Penal Code.

The corroboration is sufficient if considered by itself it tends to connect the defendant with the offense charged in such a way as reasonably may satisfy a jury that the accomplice is telling the truth. If corroborating evidence creates more than a suspicion of guilt, it is sufficient even though it be slight and, when standing by itself, entitled to but little consideration. It is not necessary that the independent evidence be sufficient to establish the defendant's guilt. It is not necessary that the accomplice be corroborated as to every fact to which he testified. Inferences from the defendant's testimony may suffice to corroborate an accomplice. A defendant's admissions, active and passive, may constitute corroboration. A defendant's consciousness of guilt is corroborative of an accomplice. Whether the corroborating evidence by itself is as compatible with innocence as it is with guilt, is a question for the trier of fact, not for the reviewing court. (*People* v. *Henderson,* 34 Cal.2d 340, 342, 346 [209 P.2d 785]; *People* v. *Trujillo,* 32 Cal.2d 105, 111 [194 P.2d 681]; *People* v. *Malone,* 82 Cal.App.2d 54, 61, 63, 64 [185 P.2d 870].)

Without relating the sordid details, the record shows the following corroborating evidence. The defendant and the accomplice were together in the front seat of an automobile at 1:15 a. m., in an uninhabited area in Los Angeles. Two police officers saw the car and approached it. The car appeared to be empty. The officers shined a flashlight into the car. The trousers of both men were unbuttoned and defendant was exposed. When asked why his trousers were down, defendant said he took them down to tuck his shirttail in. When asked why the accomplice's trousers were down, defendant replied, ''I give up.'' The next morning defendant told a police officer that he had never done anything like this before; he did not know what caused him to do it; he was horribly ashamed of himself; as he attempted to do the act, he became sick and was unable to do it. In his testimony defendant admitted that his statement to the officers that he took his trousers down to tuck his shirttail in was false. The testimony of defendant was an admission that an offense was attempted except that the 23-year-old defendant attempted to shift criminality to the 15-year-old accomplice and denied any attempted criminal act.

We are satisfied that the evidence related tends to connect the defendant with the commission of the offense and was sufficient corroboration of the accomplice. (*People* v. *Briley*, 9 Cal.App.2d 84 [48 P.2d 734]; *People* v. *Nichols*, 2 Cal.App. 2d 99, 101 [37 P.2d 710].)

Affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.