[Crim. No. 5335. Second Dist., Div. One. June 13, 1955.]

## THE PEOPLE, Respondent, v. GEORGE R. DAVIS, Appellant.

John H. Marshall and Harold J. Ackerman for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

DORAN, J.—Appellant and Thela Smith were charged by information with seven counts of abortion (Pen. Code, § 274). Following a jury trial defendants were adjudged guilty of all seven counts. Defendant Davis appeals from the judgment and from the order denying a new trial.

It is contended on appeal that,

I. "The trial court committed prejudicial error in admitting evidence of the declarations or acts of the alleged co-conspirators against appellant in the absence of independent proof of the existence of a conspiracy."

II. That, "The trial court erred in failing to instruct the jury that appellant was on trial for the crime charged in the information, to wit violation of Penal Code section 274 and for no other crime, and that the sole purpose in per-

mitting the testimony of certain witnesses relative to proof of a conspiracy was for the limited purpose of determining whether the offense for which they were being tried was committed pursuant to the common design of such conspiracy.''

III. That, ''The evidence is insufficient to support the conviction of appellant in that there is no evidence corroborating the testimony of the abortee-witnesses which tends to connect the defendant with the commission of the crime pursuant to Section 1108 of the Penal Code.''

Briefly, it may be noted, that the seven so-called abortees testified as to the operation and the arrangements leading up to the incident. These arrangements were made with codefendant Thela Smith. When the ''abortees'' arrived at the house pursuant to appointment they were prepared for the operation by Thela Smith. The description of what occurred, as testified to by the seven ''abortees,'' was substantially the same. All were blindfolded before the doctor entered the room.

As set forth in respondent's brief and confirmed by the record, ''Appellant testified, among other things, that he was an osteopathic physician, licensed in California as a drugless practitioner since 1927, and that he retired from active practice in 1947; that he saw Carol Berry (Count One) at his house one afternoon in early February, 1954; that she wanted information as to an abortion, that he was not able to help her out and that he had not seen her prior to that time; that early in February, Violet Thompson (Count Six) and her husband came to his house, that they told appellant she was pregnant and wanted an abortion, and asked if appellant could do something about it, that appellant suggested she go to term and have the baby and that he said he could not do anything about assisting them in obtaining an abortion; that George Krainbrink (Count Seven) came to appellant's house one afternoon in late January or early February stating that he had gotten a girl into trouble and wanted someone to help them out, that appellant said he was sorry but he could not do anything about it and suggested that Mr. Krainbrink and the girl get married, that he never saw Mrs. Rose Marie Nipp before the preliminary hearing; that to the best of his recollection he never saw Martha Lemmonson (Count Four) before the commencement of this action; that he saw Mrs. McGinnis (Hamby), (Count Two), early in February when he went to her home in El Monte

and gave her an osteopathic treatment for the flu, that he did not recall treating her for, or discussing with her, anything but her flu; that Beverly Putman (Count Three), and Mrs. Merkel were at his house early in February, that Miss Putman did not want to go through with a pregnancy, that Miss Merkel was voluble about the methods of inducing abortions, that they asked appellant if he could help them and he told them he could not, that he did not recall seeing Mrs. Doris Putman prior to her being in court and did not think he had any transaction with her involving the payment of $500.00; that he saw neither Patricia Hendershot (Count Five), nor her husband, before they were in court; that the instruments and garments found at his house were his; that he never performed an abortion on any of the seven girls who testified in the case at bar nor referred them to anyone for an abortion; that he had known Thela Smith, the co-defendant, about ten years; that he and Mrs. Smith visited a number of times; that he had no occasion to go to her house February 5th; that he was at her house February 3d or 4th, around 1:00 p. m., but got no response when he knocked at the back door and that he went away; that he was not at her house January 29th; that he was never at the cabin depicted in People's Exhibit No. 10; that the folding table and instruments found at the cabin were his but he had not had them in his possession since he delivered a baby in Pasadena in September, 1952.''

Appellant's points one, two, and four above noted relate to conspiracy. In that connection it should be noted that *People* v. *Buffum,* 40 Cal.2d 709 [256 P.2d 317], refers to the subject of conspiracy in such cases as the case here considered and refutes appellant's contentions. ■ It appears to be well settled that a woman who submits to an abortion is not an accomplice of the individual procuring or conspiring to procure the miscarriage. (See also *People* v. *Gallardo,* 41 Cal.2d 57 [257 P.2d 29]; *People* v. *Davis,* 43 Cal.2d 661 [276 P.2d 801].) (As to corroborative evidence, see *People* v. *Berger,* 128 Cal.App.2d 509 [275 P.2d 799]; *People* v. *Allen,* 104 Cal.App.2d 402 [231 P.2d 896]; *People* v. *Califro,* 120 Cal. App.2d 504 [261 P.2d 332].)

The record reveals that the jury was clearly instructed that defendants were charged with abortion in each count of the information. Also with regard to the subject and application of the law of conspiracy, the jury was fully informed.

It does not appear, from a review of the record that the jury could have been confused.

 There appears to be an error in the judgment. The judgment recites that appellant admitted the second prior conviction and that the first prior conviction was stricken. However, the record shows that the first prior conviction was the one admitted and the second one was stricken. Pursuant to the rules on appeal (Rule 12(b)) the judgment should be corrected to correspond to the record as above noted.

It appears that the evidence is sufficient to support the conviction; that the instructions adequately cover the subject of conspiracy and that no prejudicial errors were committed.

It is ordered that the judgment be corrected by striking therefrom the following language in paragraph one thereof:

"and admitted the second prior conviction as alleged to-wit: Abortion, a felony, Superior Court of the State of California, Los Angeles County, August 19, 1953; first prior conviction having been stricken," and in lieu thereof substitute the following:

"and admitted the first prior conviction as alleged to-wit: Income Tax Evasion, a felony, District Court of the United States, in and for the Southern District of California, September 17, 1947; second prior conviction having been stricken."

As so modified and corrected, the judgment and order are and each is affirmed.

White, P. J., and Drapeau, J., concurred.