May Term, 1860.

THE STATE
v.
WARNER.

Thursday, August 23.

J. Coburn, for the appellee.

---

## THE STATE v. WARNER.

An acquittal upon an indictment for burglary with intent to commit a larceny, does not embrace an acquittal of the larceny.

Thursday, August 23.

APPEAL from the Jasper Circuit Court.

Per Curiam.—Indictment for larceny. Plea, former acquittal. Demurrer to the plea overruled. Judgment for the defendant.

The plea set up that the defendant had been indicted for burglary with intent to commit a larceny; had been

tried and acquitted; and that said indictment was upon the same identical transaction as the pending indictment.

Upon an indictment for burglary with intent to commit a larceny, the defendant could not be convicted of the larceny, if it had been committed, though he were acquitted of the burglary.

Such being the case, it would seem to follow that an acquittal upon an indictment for burglary with intent to commit a larceny, could not embrace an acquittal of the larceny (1).

The judgment is reversed with costs. Cause remanded, &c.

*J. L. Miller*, *J. E. McDonald*, Attorney General, and *A. L. Roache*, for the state.

---

(1) The true test, to determine whether the plea of *autrefois acquit* or *autrefois convict*, is a good bar, is, whether the crimes, as charged in the indictments, are so far distinct that evidence which would sustain the one, would not sustain the other. 1 Archb. Cr. Pr. and Pl. 112, n. 2, 6th ed., *passim.*— 1 Bish. Cr. L., § 680 *a.*—1 Russ. on Crimes, pp. 829 to 832.