[Crim. No. 1064.    Department Two.—April 29, 1904.]

THE PEOPLE, Respondent, v. R. J. DEVLIN, Appellant.

CRIMINAL LAW—BURGLARY—JEOPARDY—PRIOR CONVICTION OF LARCENY.
—The plea of once in jeopardy must be for the offense charged in the information. A party charged with burglary cannot plead a former conviction for petit larceny committed in connection with the burglary which does not include the crime of larceny.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. John Ellsworth, Judge.

The facts are stated in the opinion.

W. J. Donovan, and R. L. McKee, for Appellant.

U. S. Webb, Attorney-General, and R. C. Van Fleet, for Respondent.

COOPER, C.—In this case the defendant was charged with burglary, alleged to have been committed on the seventeenth day of January, 1903, by feloniously entering a building with intent to commit larceny. He was found guilty, and appeals from the judgment and the order denying his motion for a new trial. Defendant pleaded that he had been once in jeopardy for the offense charged in the information. He of-

fered in evidence the judgment-roll in a former conviction of petit larceny for the stealing and carrying away certain personal property on the same occasion, and after he had entered the building described in the information.

The court sustained the objection of the prosecution on the ground that the conviction of petit larceny, committed during the same transaction and immediately after entering the building, is not a bar to a charge of burglary. This presents the sole and only question in the case.

The plea of once in jeopardy, to be good, must be for the offense charged in the information. (Pen. Code, sec. 1017, subd. 4.) Burglary is the entering of a building or structure with intent to commit grand or petit larceny or any felony. (Pen. Code, sec. 459.) Larceny is the felonious stealing or carrying away the personal property of another. (Pen. Code, sec. 484.) It is evident that one can commit burglary by entering a building with intent to commit any felony, such as rape, robbery, arson, or murder. It is also evident that the crime consists of the entry with the intent set forth in the statute. After one has entered a building with intent to commit any other felony than grand or petit larceny, he has committed burglary, but he may then find that it is impossible, for various reasons, to commit the felony which it was his intention to commit when he entered, and conclude to commit larceny by stealing some article of value in the building. He thus, in rapid succession, commits two crimes. Indeed, after he has committed burglary he might under favorable circumstances commit any felony named in the statute. He might commit rape, and in such case he would be guilty of burglary and also of rape. Therefore, we conclude that the evidence did not show, nor tend to show, that defendant had been before in jeopardy for burglary. The legislature no doubt "may pronounce as many combinations of things as it pleases criminal, resulting not infrequently in a plurality of crimes in one transaction or even in one act, for any one of which there may be a conviction without regard to the others." (1 Bishop's New Criminal Law, sec. 1060, and cases cited.) The same author says (sec. 1062): "If in the night a man breaks and enters a dwelling-house to steal therein and steals, he may be punished for two offenses or one at the election of the prosecuting power. . . . Therefore, a jeopardy on an indictment

charging the burglary as committed by breaking and entering with intent to steal is no bar to a prosecution for the actual theft." It was said by this court in *People* v. *Garnett,* 29 Cal. 628: "Larceny is not necessarily included in burglary like manslaughter in murder within the sense of the statute; on the contrary, it is no part of it. The offense of burglary is complete without any larceny being committed. The relation contemplated by the statute does not exist between burglary and such other felony, if any, as may chance to be committed by the defendant at the same time."

The above case was cited with approval in *People* v. *Curtis,* 76 Cal. 57, and while the rule has been held different in some jurisdictions, the great weight of authority is to the effect herein stated. (*Wilson* v. *State,* 24 Conn. 57; *State* v. *Warner,* 14 Ind. 572; *State* v. *Martin,* 76 Mo. 337; *Gordon* v. *State,* 71 Ala. 315; *Howard* v. *State,* 8 Tex. App. 447; *Territory* v. *Willard,* 8 Mont. 329.) The views herein expressed are not in conflict with *People* v. *McDaniels,* 137 Cal. 192.[1] It was there held that upon a charge of assault with intent to commit murder, a prior conviction of battery, growing out of the same identical facts, was a bar. The court said: "It is well settled that a conviction of a lower offense embraced in a higher one, for the commission of which a defendant was tried, is an acquittal of the higher offense." In the case at bar the offence of larceny, of which defendant was previously convicted, is not embraced in the charge of burglary, of which he was convicted in this proceeding. Therefore, the case relied upon is not in point.

We advise that the judgment and order be affirmed.

Gray, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Henshaw, J., McFarland, J., Lorigan, J.

[1] 92 Am. St. Rep. 81, and note.