[Crim. No. 1234. Second Appellate District, Division Two.—November 4, 1925.]

THE PEOPLE, Respondent, v. EUGENE A. BRAIN, Appellant.

[1] CRIMINAL LAW — ROBBERY — PRIOR CONVICTION FOR BURGLARY — PRIOR JEOPARDY.—In a prosecution for robbery, the special pleas of former conviction, former acquittal and once in jeopardy, are not established by proof that defendant had previously pleaded guilty to a charge of burglary, and had been sentenced to a term in the state prison and was incarcerated pursuant to the sentence, for a house-breaking immediately preceding the robbery.

[2] ID.—SPECIAL PLEAS—UNCONTRADICTED EVIDENCE—INSTRUCTIONS.— In a prosecution for robbery, where the evidence submitted in support of the special pleas of former conviction, former acquittal and once in jeopardy is uncontradicted and shows that defendant had previously pleaded guilty to a charge of burglary, and had been sentenced to a term in the state prison and was incarcerated pursuant to the sentence, the question of whether said special pleas are sustained is one of law and the court may instruct the jury directly that said special pleas are not sustained.

(1) 16 C. J., p. 273, n. 29, 31; 31 C. J., p. 780, n. 40.   (2) 16 C. J., p. 429, n. 66, 69.

APPEAL from a judgment of the Superior Court of Ventura County and from an order denying a new trial. Merle J. Rogers, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. E. Manning for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

WORKS, J.—By information filed by the district attorney defendant was charged with the crime of robbery. He was convicted and appeals from the judgment and from an order of the trial court denying his motion for a new trial. Long before the filing of the information which eventuated

1.  See 7 Cal. Jur. 957; 8 R. C. L. 151.

in the conviction in the present case, appellant had been charged, for a house-breaking immediately preceding the robbery, with the crime of burglary. To this earlier charge he had pleaded guilty and had made an application for probation. The application was denied, appellant was sentenced to a term in the state prison and was incarcerated pursuant to the sentence. In the present case he pleaded not guilty, and he entered special pleas of former conviction, former acquittal and once in jeopardy. In support of these special pleas he proved, at his trial under the charge of robbery, the facts above set forth concerning the earlier charge. This was the only defense made. The trial judge instructed the jury that the special pleas were not sustained by the evidence.

[1] Appellant contends that the special pleas were good, that, therefore, the instruction given by the judge was erroneous, and, moreover, that the judgment of conviction of robbery cannot stand. In support of this position appellant cites *People* v. *Defoor,* 100 Cal. 150 [34 Pac. 642], and other cases. In the decision named the court, in upholding a plea of former conviction and once in jeopardy, quoted from a Tennessee case to the effect that where a single transaction or set of facts includes the commission of several crimes "the prosecutor may carve as large an offense out of it as he can, but it is said 'he must cut only once.'" And, of course, in "cutting once" out of the facts of a single transaction, the "prosecution" may charge different offenses in separate counts of the indictment or information (Pen. Code, sec. 954). Here, however, we do not deal with the facts of a single transaction. The burglary was complete when the felonious entry into the house was effected, and the robbery was a second and later "transaction" (*People* v. *Devlin,* 143 Cal. 128 [76 Pac. 900]; *People* v. *Snyder,* 74 Cal. App. 138 [239 Pac. 705]). These cases are also authority for the proposition that appellant's special pleas were not established.

[2] Appellant insists that the court erred in instructing the jury that the special pleas were not sustained upon the ground that the instruction trenched upon the right and duty of the jury to determine a question of fact. The point is not well taken. Where, under such special pleas as were entered here, the evidence submitted is uncontradicted and

results in such a condition as that with which we have
dealt above, the question involved becomes one of law and
the court may instruct the jury directly that the special pleas
are not sustained (*People* v. *Conson,* 72 Cal. App. 509 [237
Pac. 799]).

Judgment and order affirmed.

Finlayson, P. J., and Craig, J., concurred.

A petition by appellant to have the cause heard in the
supreme court, after judgment in the district court of ap-
peal, was denied by the supreme court on December 31,
1925.