[Crim. No. 903.    Third Appellate District.—April 8, 1926.]

THE PEOPLE, Respondent, v. C. ALFONSO, Appellant.

[1] CRIMINAL LAW—DRIVING AUTOMOBILE WHILE INTOXICATED—INTOXICATION OF DEFENDANT—IMPEACHMENT—EVIDENCE.—In a prosecution for driving an automobile while under the influence of intoxicating liquor, defendant's testimony that he was not under the influence of liquor may not be impeached by evidence as to whether or not he had indulged in the use of intoxicating liquor during the preceding three years, such evidence being upon an immaterial issue.

[2] ID.—ILLEGAL SALE OF INTOXICATING LIQUOR—EVIDENCE.—In such a prosecution, proof that one is a bootlegger does not tend to show that he is foolish enough to drink the concoctions which he vends.

[3] ID.—IMPEACHMENT OF WITNESSES—PARTICULAR WRONGFUL ACTS—EVIDENCE.—Many errors in the trial of criminal cases would be avoided by observance of the plain provisions of section 2051 of the Code of Civil Procedure, to the effect that a witness may not be impeached by evidence of particular wrongful acts, except that

3.  See 27 Cal. Jur. 132; 28 R. C. L. 623.

it may be shown that he had been convicted of a felony, and in a prosecution for driving an automobile while under the influence of intoxicating liquor evidence of illegal possession of liquor by defendant, being a misdemeanor and not a felony, is inadmissible.

[4] ID.—UNLAWFUL POSSESSION OF INTOXICATING LIQUOR—ERRONEOUS ADMISSION OF EVIDENCE—MISCONDUCT OF DISTRICT ATTORNEY.—In this prosecution for driving an automobile while under the influence of intoxicating liquor, the admission of evidence of the number of times defendant had pleaded guilty to charges of unlawful possession of liquor and the remarks of the district attorney in his argument that defendant was a bootlegger were erroneous and highly prejudicial to defendant.

(1) 40 **Cyc.**, p. 2769, n. 34, p. 2770, n. 35.   (2) 16 **C. J.**, p. 586, n. 98.  (3) 40 **Cyc.**, p. 2601, n. 37, p. 2607, n. 61, p. 2608, n. 62, 65. (4) 16 **C. J.**, p. 906, n. 7; 17 **C. J.**, p. 300, n. 41, p. 319, n. 22, p. 320, n. 36.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank C. Hale for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

FINCH, P. J.—The information charges that the defendant, on the 20th of July, 1925, "did wilfully and unlawfully operate and drive an automobile along and upon the public highway of the State of California, while under the influence of intoxicating liquor." He was convicted and this appeal is from the judgment and the order denying a new trial.

The defendant's automobile collided with and seriously damaged an automobile owned by one witness for the prosecution and being driven, at the time of the collision, by another witness. Both of these witnesses testified that the defendant was drunk at the time. Several other witnesses, who were at the scene of the collision shortly after it occurred, testified that they saw no indication that the defendant was intoxicated. Two of these witnesses were in such immediate association with the defendant as to enable them

to determine his condition as accurately as could the witnesses for the prosecution. The defendant testified that he was not under the influence of liquor, that he "did not have a drink that night at all," and that he had not indulged in the use of intoxicating liquor for three years. Under the pretext of contradicting the defendant's statement that he had not used intoxicating liquor for three years, and over proper objections by his counsel, the defendant was cross-examined as follows: "Q. On March 17th, 1924, you were charged with possessing liquor in your place of business there. What was that for? . . . A. They never find nothing in the house, they find it in the yard. . . . Q. . . . Isn't it a fact that you were charged with the illegal possession of intoxicating liquor at the time and place referred to in the preceding question, before Judge J. T. Norman, . . . and pleaded guilty to that charge? . . . A. No. . . . Q. I will ask you if on the 9th day of December, 1924, you did not have intoxicating liquor at your place of business? . . . A. Yes, I had a bottle then. . . . Q. On the 3rd day of February, 1925, did you have it in your possession then? A. No. Q. I will ask you if on the 26th day of July, 1925, whether you had intoxicating liquor in your possession? A. No, sir. Q. I submit that comes as a surprise and ask you if on the 28th day of July, 1925, you were not charged with having intoxicating liquor in your possession, before J. T. Norman, justice of the peace, . . . and pleaded guilty to that charge? . . . A. I pleaded guilty about the 22nd or 23rd. Q. Of what? A. July, I think so. . . . Q. I will ask you how many times since you have been living at Merced Falls have you pleaded guilty to the illegal possession of intoxicating liquor? . . . A. Four times." During the closing argument of the district attorney, the following occurred: "Mr. McCray (district attorney) : . . . Are you going to believe the testimony of a bootlegger from Mariposa County— Mr. Hale (counsel for defendant) : We object to that, if the court please. There is no evidence that this defendant was a bootlegger. Mr. McCray: No evidence; from his own lips he says he has been convicted four times. If that doesn't constitute bootlegging— Mr. Hale: We ask the court to instruct the jury to disregard the remarks of the district attorney and assign them as prejudicial error." The court did not instruct

the jury as requested or make any comment upon the remarks of the district attorney. It may be inferred from the argument of the district attorney that the real purpose of introducing proof of defendant's illegal possession of liquor was not to contradict his statement that he had not indulged in the use of liquor for three years, but to show that he was of such degraded character as to be unworthy of belief. [1] The material issue in the case was whether the defendant was under the influence of liquor at the time of the collision. Whether he had or had not drunk liquor at other times during the preceding three years was immaterial to that issue, and a witness is not to be impeached upon an immaterial matter. [2] Neither does proof that one is a bootlegger tend to show that he is foolish enough to drink the concoctions which he vends. [3] Many errors in the trial of criminal cases would be avoided by observance of the plain provisions of section 2051 of the Code of Civil Procedure, that a witness may not be impeached "by evidence of particular wrongful acts, except that it may be shown . . . that he had been convicted of a felony." Illegal possession of liquor is not a felony, but a misdemeanor only. [4] The admission of the foregoing evidence and the comments of the district attorney thereon were clearly erroneous and highly prejudicial to the rights of the defendant. (*People* v. *Adams,* 76 Cal. App. 178 [244 Pac. 106], and cases there cited.)

The judgment and the order are reversed.

Hart, J., and Plummer, J., concurred.