[Crim. No. 1608.   First Appellate District, Division One.—May 21, 1931.]

THE PEOPLE, Respondent, v. GEORGE H. JOHNSTON et al., Appellants.

242

James Wesolo and James P. Montgomery for Appellants.

U. S. Webb, Attorney-General, and Lionel Browne, Deputy Attorney-General, for Respondent.

KNIGHT, J.—The defendants were charged by information containing two counts, with the crimes of robbery and burglary. Each defendant was charged also with a number of prior convictions of felony, Johnston with five, Dowding with three and Pimentel with four. They pleaded not guilty to the charges of robbery and burglary, admitted the prior convictions and were tried together. The jury found them guilty on both counts, and because of the prior convictions they were adjudged to be habitual criminals and sentenced to life imprisonment. (Pen. Code, sec. 644.) From the judgments of conviction and the orders denying the motions for new trial the defendants have appealed.

It is conceded that the evidence is sufficient to support the verdicts against Johnston and Dowding, but it is contended that it is legally insufficient to sustain the conviction of Pimentel. The essential facts shown by the evidence were as follows: About 9:30 o'clock on the night of August 13, 1930, a man entered a drug-store in Oakland belonging to one D. N. Bowles, ostensibly for the purpose of making a small purchase. Bowles was alone in the store at the time and as he turned to deliver the package he was confronted with a pistol which the man was pointing at him, and he was ordered to proceed to the prescription room in the rear of the store. Two other men then entered the store, and while the first man kept Bowles covered with the pistol the three followed him into the rear room, and, after taking a quantity of narcotics from the safe, and cash and checks from the cash register, fled. None of the men were masked. Two or three days later the defendants were arrested in Crockett, Contra Costa County. Johnston and Dowding were taken into custody first. They admitted participation in the robbery and returned a quantity of the stolen narcotics, which they had hidden on the rafters of the building near the scene of the arrest; and Johnston delivered up the pistol used in committing the robbery. The men were taken back to Oakland, where they were identified by Bowles as being two of the robbers, Johnston being the man who exhibited the pistol. The following day Pimentel was arrested, and, according to the testimony of the police officers, admitted being the third man in the robbery, and was identified as such by Bowles. At the time of his arrest he informed the officers that shortly after the robbery he shipped a suitcase to Sacramento, which the officers seized and it was found to contain part of the stolen narcotics. At the trial, however, Pimentel, as a witness in his own behalf, denied that he was one of the robbers, and denied also having so admitted to the officers. Johnston testified also that Pimentel was not there, but it was shown that Johnston, soon after his arrest, had told the officers that Pimentel was the third man in the robbery.

The foregoing is sufficient to show that there was a sharp conflict in the evidence as to Pimentel's participation in the crime; and that being so, the weight that should be given to the conflicting testimony, including Pimentel's

asserted confession of guilt to the officers and the identification of him by Bowles, were matters exclusively within the province of the jury to pass upon; and since the evidence adduced on the part of the prosecution is legally sufficient to sustain the conviction, the decision of the jury is controlling on appeal.

■ The district attorney sought to impeach Pimentel as a witness by showing on cross-examination that he had been previously convicted of felony, and it is contended that since on arraignment Pimentel admitted the prior convictions it was error for the district attorney to reveal the same to the jury during the trial (Pen. Code, sec. 1025). The courts have held, however, that when a defendant becomes a witness in his own behalf he thereby waives the protection afforded by the code section above cited and subjects himself to all the ordinary rules governing the examination of other witnesses (*People* v. *Bishop*, 134 Cal. 682, 689 [66 Pac. 976]; *People* v. *Hickman*, 113 Cal. 80 [45 Pac. 175]: *People* v. *Oliver*, 7 Cal. App. 601 [95 Pac. 172]; *People* v. *Fontes*, 110 Cal. App. 141 [293 Pac. 835]). Therefore the cross-examination as to the prior convictions was proper.

■ Further contention is made that the court erred in not granting Pimentel a separate trial. When, however, as here, two or more defendants are jointly charged with a public offense "they must be tried jointly unless the court order separate trials" (Pen. Code, sec. 1098); and we have found nothing in the record to indicate that the discretionary power thus vested in the trial court in the present case was abused in not directing a separate trial for this particular defendant.

Nor do we find any merit in the remaining assignments of error. ■ The point that the crimes charged in the information were "not based upon any evidence taken at the preliminary examination" cannot be here considered, because the record of the testimony there taken is not included in the record before us. ■ And under section 954 of the Penal Code it was permissible to charge the crimes of robbery and burglary in the same information in separate counts, and the district attorney was not required to elect between the two. The comments made by the district attorney during his closing argument about

which complaint is made obviously were well within the bounds of legitimate argument. And the substance of the instructions proposed by defendants which the court refused to give was covered in the court's charge upon the subjects of reasonable doubt and intent, and the defense of an alibi.

■ On motion for new trial defendants urged for the first time and it is claimed here that the jury was unduly prejudiced by reason of a news article appearing in a local paper about the time of the commencement of the trial, which article, according to the affidavit of counsel for defendants upon which the motion for new trial was based, was not called to his attention until some time after the verdicts had been rendered. But no showing whatever was made that any of the jurors ever read the article, or at any time knew of its existence. Consequently there is no ground for holding that they were prejudiced thereby, even though the article contained any statement which could be construed as having such a tendency. ■ It was claimed also for the first time on motion for a new trial that the judge presiding at the trial was disqualified from so doing because the newspaper article· stated among other things that some eighteen years before he sentenced one of the defendants to prison. Such fact, even if true and known to the judge prior to the trial, would not of itself serve as legal ground for disqualification; but in the present case it nowhere appears that the judge ever knew of the contents of the article prior to the filing of the affidavit on motion for a new trial, or, aside from said article, that he was cognizant during the trial of the fact, if it be such, that he had previously sentenced one of the defendants to prison; and the impartial manner in which the trial was conducted would show quite clearly that if such were the fact and he were aware of it, the rights of the defendants were not in the least affected thereby.

The judgments and orders appealed from are affirmed.

Tyler, P. J., and Ward, J., *pro tem.*, concurred.