[Crim. No. 3036.   First Dist., Div. Two.   Dec. 2, 1954.]

THE PEOPLE, Respondent, v. CHARLES MILLER, Appellant.

Charles Miller, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant, Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DOOLING, J.—Defendant Miller appeals from judgments of conviction of four connected offenses, burglary, robbery, assault with a deadly weapon and conspiracy to commit robbery. He was jointly charged with John Frieholtz, Vernon Geske and Robert Mario Flores. Frieholtz pleaded guilty to the charges and testified for the People at the trial of the other three.

The evidence showed that the four defendants agreed to rob the till in the candy counter of the Alexandria Theater in San Francisco. Appellant Miller had a .45 caliber automatic pistol which he gave unloaded to Geske and Flores for use in the robbery. He had the use of an automobile belonging to a Mrs. Upshaw which the four used to get to and from the theater. In the early morning of November 21, 1953, Miller drove the other three to the theater. The other three entered a side door while Miller waited outside in the car. Two janitors, Reynolds and McGibbony, were working in the theater. Flores and Geske seized Reynolds and struck him over the head with the gun. Frieholtz assaulted McGibbony, who was using a vacuum cleaner, struck him three times with a metal part of the cleaner and finally kicked him in the head. Frieholtz then went to the candy counter, took $110 from the till and the three fled to the car in which Miller was waiting.

Appellant argues that the evidence is insufficient to support his conviction because it rests solely on the uncorroborated testimony of his accomplice. ■■ "The test of corroboration of an accomplice . . . is whether the evidence other than such testimony by reasonable inference connects the defendant with the crime or whether it satisfies the jury that the accomplice is telling the truth . . . ■■ It must 'tend to connect the defendant with the offense,' but 'so long as corroborating evidence creates more than a suspicion of guilt, it is sufficient

even though it "be slight and when standing by itself" entitled to but little consideration.' " (*People* v. *Califro*, 120 Cal.App.2d 504, 513-514 [261 P.2d 332].) ▓ Here the evidence shows that appellant had the use of Mrs. Upshaw's automobile and a photograph of this automobile was identified as the one used in the robbery; Geske and Flores both had notations of Miller's telephone number on their persons when arrested; the gun used in the robbery was .45 caliber and bullets of that caliber were found in appellant's room; and appellant admitted being with the other three at a time when Frieholtz testified they were planning the robbery. The corroboration, while slight, is sufficient.

▓ Appellant complains of the admission against him of Flores' extrajudicial confession. He made no objection at the time this confession was admitted and in his instructions to the jury the judge advised them that Flores' confession could not be considered in determining the guilt of the other defendants. The confession was admissible against Flores and the instruction sufficiently protected appellant. The case is distinguishable from *People* v. *Oldham*, 111 Cal. 648 [44 P. 312], where the extrajudicial declarations of an accomplice not on trial were admitted.

▓ Appellant, who appears in propria persona, attempts to argue entrapment. Entrapment is not in the case since there is no evidence that appellant was induced to engage in the criminal enterprise by any person other than his confederates. ▓ His claim that he was inadequately represented by his chosen counsel is not a ground for reversal.

▓ Appellant was cross-examined about two pawn tickets found in his possession. We can find no prejudice in this.

▓ He was also cross-examined about another robbery in which he drove the "get-away" car. This falls within the "common plan or design" exception to the rule against evidence of other crimes. (*People* v. *James*, 40 Cal.App.2d 740, 744-745 [105 P.2d 947].)

▓ Appellant's complaint of misconduct in the argument of the district attorney is foreclosed by the fact that no objection was made at the time. (*People* v. *Sieber*, 201 Cal. 341, 356 [257 P. 64].)

▓ The final claim is that appellant was convicted of four separate crimes for the same act or acts. So far as the convictions of assault and robbery are concerned the claim is well founded. The indictment in count 2 charged robbery in forcibly taking from Reynolds and *McGibbony* $110. In

count 4 it charged assault with a deadly weapon on Mc-Gibbony. The assault upon McGibbony was committed prior to taking the money and to accomplish its taking. The rule was recently restated in *In re Chapman*, 43 Cal.2d 385, 389 [273 P.2d 817] : ''if there is but a single act of force proved as an essential element of the crime of robbery then such act of force cannot also be availed of as constituting a separate crime and only one punishment may be had.'' (*People* v. *Logan,* 41 Cal.2d 279 [260 P.2d 20].)

██ ██ Conspiracy is a distinct crime separate from the substantive offense (*People* v. *Gordon,* 71 Cal.App.2d 606, 628 [163 P.2d 110]), and the burglary was complete when the theater was entered with felonious intent (*People* v. *Devlin,* 143 Cal. 128 [76 P. 900]).

The judgment of conviction of assault with a deadly weapon is reversed. The other judgments are affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied December 17, 1954, and appellant's petition for a hearing by the Supreme Court was denied December 29, 1954.