[Crim. No. 1351. Fourth Dist. June 23, 1958.]

THE PEOPLE, Respondent, v. JAMES RAUL MACIAS, Appellant.

Mansfield A. Mills, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was charged with the crimes of burglary and robbery in an information filed by the district attorney of San Diego County. The information contained two counts. In the first count it was alleged that on or about September 10, 1957, the appellant did wilfully enter Nagem's Market in San Diego with intent to commit theft, and in the second count it was alleged that appellant on said date did wilfully, unlawfully and feloniously, and by means of force and fear and against the will of Julia Nagem, take from her person and possession $30.29. A jury trial resulted in verdicts finding appellant guilty of burglary in the first degree and guilty of robbery in the second degree. Judgment was then pronounced and appellant was sentenced to imprisonment in the state prison for the terms prescribed by law and the sen-

tences were ordered to run concurrently. He appeals from the judgment of conviction.

On September 10, 1957, appellant and Wanda Kirkpatrick drove to the home of appellant's mother in a 1941 Chevrolet automobile. While appellant was in his mother's house, Alonzo Ojeda and Joseph Delaney got in the car with Wanda and when appellant came out, he got in the driver's seat and they all headed down town. After some discussion about how and where they could obtain some money which they needed to purchase narcotics, Delaney suggested that they rob Nagem's Market. Appellant then drove to the market and Wanda, Delaney and Ojeda got out and entered it. Appellant parked the car in the alley and waited for them to come out.

Upon entering the market, Ojeda and Wanda approached the counter, asked for cigarettes, and Delaney went over to the Frigidaire. When Julia Nagem, who operated the market, opened the cash register to make change, Delaney approached, grabbed her and threw her down, breaking two of her ribs. Meanwhile, Ojeda and Wanda took money from the cash register, after which Ojeda, Wanda and Delaney ran out of the market and to the Macias car, which was then in motion. Macias drove toward Tiajuana and the car was stopped near the border by deputy sheriffs.

On the day following his arrest, appellant was questioned by a police officer and stated to him that he left his mother's house and drove around with Wanda, Ojeda and Delaney; that they went by or near Nagem's Market and Delaney suggested that they go in and steal some money from the cash register; that Ojeda, Wanda and Delaney went into the market and he (Macias) drove around the block and waited for them; that after they came out they all left in the car and drove toward the border with the intention of spending the money obtained for narcotics in Mexico.

Appellant suggests two contentions on appeal. The first is ''That appellant was wrongfully convicted of both the crimes of burglary and robbery, which said crimes were joined as separate counts in the same information, and the evidence as to which said crimes disclosed one continuing series of acts.'' There is no merit in this contention. The crime of burglary was complete when the parties entered the market with intent to commit theft therein, and the robbery was committed when money was taken from the complaining witness's possession unlawfully and by means of force and fear. Robbery and burglary may both be committed in the same trans-

action and a culprit may be prosecuted for both. (*People* v. *Candelaria*, 153 Cal.App.2d 879, 884 [315 P.2d 386].)

■ Appellant's second contention "That there was impropriety or other error in the arguments of the counsel to the jury," cannot be considered by us on appeal. The reporter's transcript does not contain the arguments of counsel made to the jury and they are not part of the record on appeal. (*Ross* v. *Lightner*, 139 Cal.App.2d 756, 759 [294 P.2d 59].)

Counsel for appellant, appointed by this court, applied for and obtained permission to file a report in lieu of an opening brief. In this report counsel states that he represented appellant at the trial of the instant action; that he has reviewed the record and that it is his opinion that the conviction of appellant of the two crimes charged does not constitute reversible error. Further that he has searched his recollection of the arguments to the jury and recalls nothing therein which would constitute reversible error.

Judgment affirmed.

Griffin, Acting P. J., and McCabe, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.