[Crim. No. 7473. Second Dist., Div. Two. Jan. 24, 1961.]

In re CLIFFORD M. DOWDING, on Habeas Corpus.

James R. Mansfield for Petitioner.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Philip C. Griffin, Deputy Attorney General, for Respondent.

NOURSE, J. pro tem.*—This is a proceeding in habeas corpus whereby petitioner seeks release from confinement in the California Men's Colony at Los Padres.

In 1930, petitioner was charged by information by the district attorney of Alameda County with two felonies. By count I of the information he was charged with robbery; by the second count of the information, with burglary, it being alleged that burglary *was a part of the act, transaction and event described in the first count.* It further charged that prior to his commission of the offenses charged by the information, petitioner was convicted and served terms of imprisonment for three alleged felonies. The first prior conviction

---

*Assigned by Chairman of Judicial Council.

charged was grand larceny, for which he served a term in the California State Prison. The second prior conviction charged was a conviction of burglary in the second degree, for which he served a term in the Washington State Reformatory. The third prior conviction charged was an attempt to commit burglary, for which he served a term in the California State Prison at Folsom.

Petitioner pleaded not guilty to the crimes charged by the information, but admitted the prior convictions charged and that he had served terms of imprisonment as to each.

After trial by jury he was convicted on the first count of the information of robbery in the first degree and on the second count of burglary in the first degree. Thereupon the court entered judgment, adjudging him an habitual criminal within the meaning of section 644 of the Penal Code, and sentenced him on each count of the information to be confined in the state prison of the State of California "for not less than his natural life as prescribed by law."[1]

There are three questions which must be decided here. First: Is the judgment that petitioner is an habitual criminal now valid? Second: Did the judgment sentencing petitioner for robbery exhaust the power of the court and thus render its sentence on the charge of burglary void? Third: Is petitioner entitled to release from custody?

The first question must be answered in the negative. At the time petitioner was sentenced, section 644 of the Penal Code provided in part as follows: "Every person convicted in this state of any felony who shall have been previously three times convicted, either in this state or elsewhere, of any felony, shall be punished by imprisonment in the state prison for not less than life and shall not be eligible to parole," and the sentence of life imprisonment imposed by the court was a proper one. However, in 1931, the section was amended so as to specify the crimes, the prior conviction of which would, upon conviction of certain specified felonies in this state, subject him to be adjudged an habitual criminal and sentenced as such. The statute as amended further provides that its provisions "be deemed and construed to apply to every person heretofore convicted of and imprisoned for the crimes herein enumerated."

While the statute has since been amended so as to omit the provision as to retroactive effect of the section,

---

[1] This judgment was affirmed on appeal. See *People* v. *Johnston* 114 Cal.App. 241 [299 P. 805].

the 1931 amendment had the effect of wiping out any determination of habitual criminality made prior to the effective date of the amendment in all cases where the defendant could not have been adjudged an habitual criminal under the terms of the statute as amended. (*In re Tartar,* 52 Cal.2d 250 [339 P.2d 553].)

Of the three prior convictions with which the petitioner was charged by the information, only the first (grand larceny in the state of California), charged a crime constituting a prior conviction within the provisions of section 644 of the Penal Code as amended in 1931. This, the attorney general now frankly admits and it follows that the judgments rendered by the court in 1931 whereby petitioner was determined to be an habitual criminal, are not valid, and we so hold.

The second question must be answered in the affirmative. As we have heretofore pointed out, the second count of the information under which petitioner was tried alleged that the acts of petitioner in the burglary charged in the second count were a ''part of the act, transaction and event described in the first count'' which charged petitioner with robbery. The parties have stipulated that at the trial of the action, the evidence established the essential facts which are set forth in the opinion of Mr. Justice Knight in *People* v. *Johnston,* 114 Cal.App. 241 at 243 [299 P. 805]. Briefly stated the facts are: About 9:30 p. m. on the night of August 13, 1930, a man, later identified as one Johnston, entered a drug store then open, for the ostensible purpose of making a small purchase. The druggist was alone in the store. After the purchase was made and he turned to deliver the package to Johnston, Johnston confronted him with a pistol and ordered him to proceed to the prescription room at the rear of the store. At that time petitioner and a person later identified as one Pimentel entered the store and while Johnston kept the druggist covered with the pistol, the three men followed him into the rear room of the store and there took a quantity of narcotics from the safe and cash and checks from the cash register. They then fled.

Section 654 of the Penal Code provides in part as follows: ''An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one.''

In the recent case of *Neal* v. *State,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], our Supreme Court had occasion to again consider the application of this statute. In that case Neal was charged by the information with attempted murder of one Mrs. Raymond, attempted murder of one Mr. Raymond and with arson. Neal was convicted on all three counts. After the conviction had been affirmed on appeal, Neal sought writ of mandate (treated by the court as a petition for habeas corpus) directed to the Adult Authority to fix a time when he might be released from prison, contending that his sentence should be fixed upon the basis of a conviction for attempted murder and that his conviction and sentence on the second count of attempted murder and on the count of arson were not valid in that they punished him three times for a single act in violation of Penal Code, section 654. The evidence at Neal's trial established that in an attempt to murder Mr. and Mrs. Raymond, he had thrown a quantity of gasoline through the window of their bedroom and ignited it with the result that the building was partially destroyed by fire and Mr. and Mrs. Raymond were seriously injured.

■ In holding that the judgment sentencing Neal for arson as well as for the two attempted murders was invalid as in excess of the jurisdiction of the court, the Supreme Court said in part as follows: ''The proscription of section 654 against multiple punishment of a single act, however, is not limited to necessarily included offenses. [Citations.] . . . 'If a course of criminal conduct causes the commission of more than one offense, each of which can be committed without committing any other, the applicability of section 654 will depend upon whether a separate and distinct act can be established as the basis of each conviction, or whether a single act has been so committed that more than one statute has been violated. ■ If only a single act is charged as the basis of the multiple convictions, only one conviction can be affirmed, notwithstanding that the offenses are not necessarily included offenses. *It is the singleness of the act and not of the offense that is determinative.'* . . .

''Few if any crimes, however, are the result of a single physical act. ■ 'Section 654 has been applied not only where there was but one ''act'' in the ordinary sense . . . but also *where a course of conduct violated more than one statute* and the problem was *whether it comprised a divisible transaction which could be punished under more than one statute within the meaning of section 654.'* [Citation.]

■ "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 *depends on the intent and objective of the actor.* If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one." (Emphasis added.)

■ Under the rules announced by our Supreme Court which we have just quoted, it is evident that petitioner could not be sentenced for both robbery and burglary, for while the crime of burglary was complete when petitioner and his codefendants entered the drug store with the intent to rob the druggist (Pen. Code, §§ 459, 460; *People* v. *Piner*, 11 Cal. App. 542 [105 P. 780]; *People* v. *Guarino*, 132 Cal.App.2d 554 [282 P.2d 538]), and petitioner might have been convicted of this offense even though he and his confederates had been frustrated in their attempt to rob the druggist, still their acts constituted a continuous course of conduct and the object of that course of conduct was the robbery of which petitioner was convicted, and the fact that in prosecuting that course of conduct to completion and the fulfillment of their intent and objective, they also violated section 459 of the Penal Code, does not make petitioner subject to punishment for both the offense of burglary and of robbery, but only for one of them.

We are cognizant that a long line of decisions,[2] uniformly hold that one who commits robbery or larceny after entering a dwelling or store with intent to commit either of those crimes may be convicted and sentenced for both burglary or robbery or larceny, as the case may be. While these cases are not mentioned by the Supreme Court in its decision in *Neal* v. *State, supra,* they cannot be squared with the reasoning of the Supreme Court in Neal or with the rules which

[2] (*People* v. *Devlin* (1904), 143 Cal. 128 [76 P. 900]; *People* v. *Sharp* (1922), 58 Cal.App. 637 [209 P. 266]; *People* v. *Snyder* (1925), 74 Cal. App. 138 [239 P. 705], hearing by Supreme Court denied; *People* v. *Brain* (1925), 75 Cal.App. 109 [241 P. 913], hearing by Supreme Court denied; *People* v. *Shaffer* (1927), 81 Cal.App. 752 [254 P. 666]; *People* v. *Finkel* (1949), 94 Cal.App.2d 813 [211 P.2d 888], hearing by Supreme Court denied; *People* v. *White* (1953), 115 Cal.App.2d 828 [253 P.2d 108], hearing by Supreme Court denied; *People* v. *Miller* (1954), 129 Cal.App.2d 305 [276 P.2d 846], hearing by Supreme Court denied; *People* v. *Guarino* (1955), 132 Cal.App.2d 554 [282 P.2d 538], hearing by Supreme Court denied; *People* v. *Candelaria* (1957), 153 Cal.App.2d 879 [315 P.2d 386], hearing by Supreme Court denied; *People* v. *Blue* (1958), 161 Cal.App.2d 1 [326 P.2d 183], hearing by Supreme Court denied; *People* v. *Macias* (1958), 161 Cal.App.2d 594 [326 P.2d 936].)

we have heretofore mentioned there laid down by the Supreme Court which we feel compelled to apply here. It follows that petitioner stands convicted and lawfully sentenced but for one felony, that of robbery in the first degree.[3]

 The answer to the third question must be in the negative. Petitioner stands convicted for robbery in the first degree. The maximum sentence for that crime is life imprisonment (Pen. Code, §§ 213, 671), and until the Adult Authority has fixed his term in prison at less than that maximum term and he has served the term fixed, he is not entitled to release from custody. It will be the duty of the Adult Authority to fix the term for which petitioner shall be imprisoned upon the basis of his conviction of the single crime of robbery in the first degree. (*In re Seeley*, 29 Cal.2d 294 at p. 303 [176 P.2d 24] ; *In re McVickers*, 29 Cal.2d 264 at p. 281 [176 P.2d 40].)

The writ is discharged and the petitioner remanded to custody.

Fox, P. J., and Ashburn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 22, 1961. Schauer, J., was of the opinion that the petition should be granted.

---

[3]As the judgment by which petitioner was sentenced in 1930 did not expressly provide that the terms of imprisonment to which petitioner was sentenced should run concurrently, they would, if valid, have to be served consecutively by defendant under the provisions of section 669 of the Penal Code as they read in 1930. (See Stats. 1927, ch. 626, p. 1056.)