[Crim. No. 48. Fifth Dist. Oct. 29, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. ROY GRIFFIN, Defendant and Appellant.

126

Sherman Rogers, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Raymond M. Momboisse and Edsel W. Haws, Deputy Attorneys General, for Plaintiff and Respondent.

STONE, J.—Appellant was charged by an information with Count I, burglary, second degree, and Count II, possession of narcotics. He pleaded not guilty and not guilty by reason of insanity, as to each count. A jury found him guilty on each count, whereupon appellant waived a jury trial on his plea of not guilty by reason of insanity, and the court found him sane at the time the offenses were committed.

Some time after midnight February 16, 1962, appellant entered the South Court Pharmacy in the City of Visalia by prying the rear door open with a screw driver. An informer had "tipped off" a state narcotics agent that appellant was going to commit the burglary. Two state narcotics agents and two Visalia policemen who were staked out in the area, observed appellant enter the building. When he emerged from the store, they placed him under arrest. He had in his possession a number of items taken from the drug store, including opiates and barbiturates.

At the trial appellant, relying upon the defense of entrapment, admitted the burglary. He argues that prejudicial misconduct on the part of the district attorney requires a reversal of the judgment as to each count. He also submits that he was sentenced twice for the same criminal act, in violation of Penal Code section 654, since the two counts with which he was charged, burglary and possession of narcotics, stem from the same criminal act.

Appellant was called to the stand by his attorney, and on direct examination testified as follows:

"Q. And Mr. Griffin, are you presently on parole from State Prison? A. Yes, sir, I am.

"Q. And why were you in State Prison? A. For 2nd degree burglary.

"Q. And do you have any other felony convictions? A. Yes, I do.

"Q. And what are those? A. One was NSF checks, and the other one was petty theft with a prior conviction.

"Q. I see. And when were you released from prison? A. November—December 16, 1950—'62—1—

"Q. (Interrupting) December 16, 1961? A. Yes.

"Q. And you were released on parole? A. Yes, I was.

"Q. What were the provisions of your parole? A. Stipulations of my parole was that I was under no circumstances that I was to come to Tulare County, under no circumstances was I to leave my mother and father which was my home. And that was it, they just didn't want me in this county."

Appellant also testified that he met the informer in Tehachapi, California, "which is a State Prison."

The alleged misconduct of the district attorney consisted of questions concerning other prior convictions, directed to appellant on cross-examination. The prosecuting attorney asked if, in addition to the prior convictions about which he had testified, appellant had not, on December 24, 1951, also been convicted of the crime of forgery, a felony. Although it is not clear from the record, apparently appellant was placed on probation for the 1951 offense, and served six months in jail. Since the county jail sentence was a term of probation, it did not reduce the crime from a felony to a misdemeanor. (*People* v. *James*, 40 Cal.App.2d 740, 746 [105 P.2d 947]; *People* v. *O'Brand*, 92 Cal.App.2d 752, 756 [207 P.2d 1083].) Appellant testified, however, that his probation was subsequently revoked and that he was then sentenced to a year in jail. The final straight jail sentence served to reduce the

original conviction of a felony to a conviction of a misdemeanor. (Pen. Code, § 17.)

The prosecuting attorney also asked appellant if he had not been convicted of two counts of forgery in 1953. To this question appellant replied: "I think, eight months county time, which is automatically a misdemeanor." Appellant was correct in that a sentence to the county jail, which is not a term or condition of probation, constitutes a conviction of a misdemeanor. (*Macfarlane* v. *Department of Alcoholic Beverage Control*, 51 Cal.2d 84, 89 [330 P.2d 769].)

We have nothing in the record other than the prosecuting attorney's questions and appellant's answers, to indicate the nature of the crimes for which appellant was convicted in 1951 and 1953. We must assume that the district attorney was in error as he apologized and proceeded to take up another line of questioning after a discussion between court and counsel. It should be noted, however, that defense counsel made no motion for a mistrial at this point. It would appear from the record that no such motion was made because counsel for appellant was convinced that the error resulted from a misconception of the law rather than intentional misconduct.

Yet, regardless of good faith, there can be no question that it was error for the prosecuting attorney to attempt to impeach appellant by questions concerning his prior conviction of a misdemeanor. (Code Civ. Proc. § 2051; *People* v. *Hamilton*, 33 Cal.2d 45, 50 [198 P.2d 873]; *People* v. *Alfonso*, 77 Cal. App. 377, 380 [246 P. 818]; Witkin, California Evidence, p. 696.) On the other hand, it was not necessarily reversible error, as article VI, section 4½ of the California Constitution admonishes that no judgment shall be set aside unless the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice. (*People* v. *Kelso*, 25 Cal.2d 848, 852 [155 P.2d 819]; *People* v. *Phillips*, 197 Cal.App.2d 159, 164 [17 Cal.Rptr. 301].)

A discussion of the manner in which article VI, section 4½ should be applied in criminal cases is summarized in *People* v. *Watson*, 46 Cal.2d 818 [299 P.2d 243], at page 836, as follows: "Giving due consideration to the varying language heretofore employed in relating the constitutional amendment to the particular situations involved, it appears that the test generally applicable may be stated as follows: That a 'miscarriage of justice' should be declared only when the court, 'after an examination of the entire cause, including the evidence,' is of the 'opinion' that it is reasonably probable that a result

more favorable to the appealing party would have been reached in the absence of the error.''

An examination of the record in the light of *Watson* and of article VI, section 4½ of the Constitution, convinces us that the error in this case does not justify a reversal. Appellant, testifying on his own behalf, related that he had been convicted of two prior felonies and that he was on parole from a third felony-conviction sentence at the time the crime was committed. The evidence of guilt, not the least of which is appellant's admissions, is overwhelming. We do not believe the erroneous questions asked by the district attorney affected the outcome of the jury's deliberations. To state the proposition in another way, it does not appear from the record that a more favorable result to appellant would have been reached had the district attorney not committed the error. (*People* v. *Jones*, 204 Cal.App.2d 722, 728 [22 Cal.Rptr. 499].)

 There is merit in appellant's contention that his sentences for burglary and for possession of narcotics constitute double punishment for a single act, in violation of Penal Code section 654. Perhaps the leading case construing Penal Code section 654 is *Neal* v. *State of California*, 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], wherein the court had this to say at page 19:

''Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.''

The rule laid down in *Neal* is thoroughly discussed in *Seiterle* v. *Superior Court*, 57 Cal.2d 397 [20 Cal.Rptr. 1, 369 P.2d 697], at page 401, and viewing the facts before us in the light of the *Neal* and *Seiterle* cases, we are impelled to the conclusion that at the time of appellant's arrest the narcotics were in his possession incident to the burglary. The act of stealing the narcotics was a fulfillment of the object of appellant's burglarious intent. (*In re Dowding*, 188 Cal.App.2d 418 [10 Cal.Rptr. 392]; *Downs* v. *State of California*, 202 Cal.App.2d 609 [20 Cal.Rptr. 922]; *People* v. *McFarland*, *(Cal.App.) 19 Cal.Rptr. 920; *People* v. *Dykes*, 198 Cal.App. 2d 75 [17 Cal.Rptr. 564].)

---

*A hearing was granted by the Supreme Court on May 4, 1962. The final opinion of that court is reported in 58 Cal.2d 748, 762 [26 Cal. Rptr. 473, 376 P.2d 449].

■ Having determined that appellant can be punished for only one of the two offenses for which he was convicted, we must determine which of the two shall stand. The Supreme Court has indicated that in such circumstances the conviction for the more serious of two offenses must be affirmed and the conviction of the lesser offense reversed. (*People* v. *Brown,* 49 Cal.2d 577, 593 [320 P.2d 5]; *People* v. *Kehoe,* 33 Cal.2d 711, 716 [204 P.2d 321].) It has been held that the more serious of two offenses is the one for which the Legislature has prescribed the greater punishment. (*People* v. *Hawkins,* 196 Cal.App.2d 832, 840 [17 Cal.Rptr. 66]; *People* v. *Knowles,* 35 Cal.2d 175 [217 P.2d 1].)

Penal Code section 461 provides that burglary, second degree, is punishable by imprisonment in the state prison for not less than one year or more than 15 years. Health and Safety Code section 11500 provides that 10 years in the state prison is the maximum sentence for a conviction of possession of narcotics. A more severe penalty is provided in those cases where a defendant has been previously convicted of a narcotics offense, but since no prior narcotics offense was charged or proved, 10 years is the maximum sentence to which appellant is subject under section 11500. Therefore the judgment pursuant to Count I, burglary, second degree, carrying the more severe sentence, must be affirmed; and the judgment of conviction of violation of Health and Safety Code section 11500, Count II, must be reversed.

The judgment is affirmed as to Count I, burglary, second degree. The judgment is reversed as to Count II, violation of Health and Safety Code section 11500, possession of narcotics.

Conley, P. J., and Brown, J., concurred.